# CHAMBERS PRACTICES

# District Judge Vanessa L. Bryant
# District of Connecticut

**(Revised November 9, 2018)**

# **TABLE OF CONTENTS**

| **Item** | **Page** |
|---|---|
| Electronic Filing | 1 |
| Sealing | 1 |
| Chambers Copies | 2 |
| 26(f) Reports | 3 |
| Deadlines | 3 |
| Motions for Extension of Time | 4 |
| Discovery Disputes | 4 |
| Dispositive Motions | 4 |
| Affidavits | 5 |
| Special Proceedings | 6 |
| Oral Argument | 6 |
| Resolution by Telephone | 6 |
| Rulings from the Bench | 7 |
| Referral to Magistrate Judge and Special Masters | 7 |
| Trial Dates | 7 |
| Joint Trial Memorandum | 8 |
| Motions *in Limine* and Objections Thereto | 8 |
| Jury Instructions and Interrogatories | 8 |
| Trial Schedule | 9 |
| Hearings on Evidentiary Matters | 9 |
| Exhibit Lists/Marking Exhibits | 9 |
| Demonstrative Exhibits | 10 |
| Witness List | 10 |
| Jury Selection | 11 |
| Time Limits | 12 |
| Examination of Witnesses | 13 |
| Objections to Questions Asked During Trial | 13 |
| Note-taking | 13 |
| Courtroom Technology | 13 |

## Electronic Filing

**Manuscripted documents, including all pleadings, motions, responses, objections, replies, sur-replies and memoranda of law ("Documents") must be typewritten using Arial bold 12 point font, double spaced, and comply with all applicable provisions of D. Conn. L. Civ. R. 10(a). The page limit for memoranda of law typed double spaced in 12 point Arial bold is 46, notwithstanding D.Conn. L. Civ. R. 4(a)(5). Documents may not to be signed manually and may not be scanned. Parties are asked to file electronically in the format specified below all documents and supporting exhibits, unless a party is *pro se*, in which case filings must be made by hard copy to the clerk's office at 450 Main Street, Hartford, CT 06103, unless leave to file electronically has been granted by the court. Each exhibit shall be filed separately.  If there is more than 1 exhibit, each shall be filed and identified by subject matter separately, unless the first exhibit is a table of contents.**

## Filing Format

**Documents filed electronically must be filed in tagged PDF format enabling text recognition. Parties should review documents for accessibility in Adobe Acrobat or other PDF software before filing. Documents should read properly when the Read Aloud function is activated.**

**To create an Accessible PDF from a Word Document**
- **Click on the Office Button and hover over save as and select PDF.**
- **Before you save the file, select options and insure that the document structure tags for accessibility option is selected.**

**To create an Accessible PDF from a Word Perfect Document**
- **Click File, Publish to PDF**
- **Click Settings**
- **The Publish to PDF settings dialog box appears.**
- **Click the Document tab.**
- **Enable the Generate Tagged PDF check box.**
- **Click the General tab.**
- **Choose the drive and folder where you want to save the file.**
- **Type a filename.**
- **Click Save.**

## Sealing

**In accordance with D. Conn. L. Crim. R. 57 and D. Conn. L. Civ. R. 5(e) the Court exercises sparingly its limited power to close the courtroom, to exclude the public from proceedings and to seal any material filed with the Court, to which a First**

1

**Amendment right to access attaches. See also United States v. Haller, 837 F.2d 84 (2d Cir. 1988) and <u>United States v. Alcantara</u>, 396 F.3d 189 (2d Cir. 2004).**

**Any motion to seal must be filed as soon as practicable and must be accompanied by an affidavit and proposed particularized findings of fact and law demonstrating that the order sought is 1) supported by clear and compelling reasons as shown in a supporting affidavit, and 2) no broader than necessary either in scope or duration to serve the asserted reason(s).  The affidavit and proposed findings of fact and law may be filed *in camera*.**

**A statute mandating or permitting the non-disclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) constitutes sufficient authority to support an order sealing such documents, provided 1) the statute so mandating of permitting is cited in the memoranda of law in supper of the accompanying motion to seal and 2) that the protection of such statute has not been waived by the party whose privacy the statute seeks to protect.**

## <u>Chambers Copies</u>

**Chambers copies of briefs longer than fifteen (15) pages and of exhibits are appreciated.  *All chambers copies should be printed from the docket and should bear the header of the Court's electronic filing system*.**

## **26(f) Reports**

The Court considers the 26(f) Report to be a critical element of trial preparation and case management. The Court expects the attorneys and *pro se* parties to discuss amongst themselves, after consultation with their respective clients and witnesses, the factual and legal nature and basis for the claims and defenses asserted or to be asserted, the possibilities of settlement and the desired discovery, and to develop and propose a realistic discovery and dispositive motion filing plan for adoption by the Court in accordance with Rule 26(f).  The Court generally enters a scheduling order in accordance with the parties' plan. The parties will be expected to adhere to their plan absent good cause. Motions to modify the scheduling order must be made in writing and will be granted upon a showing of an unforeseeable and insurmountable obstacle to adherence to the plan.

## **Deadlines**

In order to efficiently and fairly administer the docket it is important for the parties to adhere to deadlines, especially those that the parties have requested. The Court may infer from the parties' failure to file a 26(f) report or a trial management report that the matter has been settled. Based upon that inference, the Court will dismiss the case after fourteen (14) days notice. Similarly, if a party does not file an objection or reply to a motion within the period allowed by the rules of procedure, the Court may infer that there is no objection to the motion or request and may grant the motion or request after fourteen (14) days notice. If notice is given of an

impending order, the tardy party must show good cause why the late filing should be considered.

In view of the fact that trial dates in civil cases are set based in part on the parties' 26(f) Report and more than a year in advance, motions to continue trials are discouraged and the Court will not grant a continuance absent good cause, meaning unforeseeable and insurmountable cause.  Motions to continue criminal trials must be accompanied by a speedy trial waiver signed by the defendant.

## Motions for Extension of Time

The parties will be expected to adhere to their plan absent showing of good cause. Motions to modify the scheduling order must be made in writing and must state good cause.  Good cause is an unforeseeable and insurmountable obstacle which in the exercise of due diligence prevented the party from adhering to the deadline within the total time allotted. A reasonable extension will be granted for good cause shown.

## Discovery Disputes

The court reserves Friday afternoons from 2:00 to 4:00 for telephonic conferences to resolve discovery disputes based on discrete legal issues. Parties should jointly contact Chambers no later than Wednesday at 5pm to request a conference for Friday of the same week. Parties must file a short letter brief 1) describing the discrete legal issue in dispute and 2) applying the legal authority for each party's position immediately prior to contacting Chambers. Parties are encouraged to request a telephonic conference before filing a Motion to Compel.

At the Court's discretion, discovery disputes may also be referred to a Magistrate Judge for resolution. See the Court's Notice to Parties Regarding Discovery Disputes.

## Dispositive Motions

The Court does not require a pre-filing conference before a dispositive motion is filed. However, at the request of any party the Court will conduct a pre-filing conference to discuss with the parties the necessity of filing the motion and whether there is a just, speedy and inexpensive alternative.

When exhibits are filed in conjunction with a disposition motion, the exhibits must be listed and described in a corresponding table of contents. The table of contents detailing the exhibits should itself be the first exhibit.

*Each exhibit must be filed as a separate attachment and must be filed in an OCR text-searchable PDF format*. Courtesy copies of dispositive motions should be submitted to Chambers and accompanied by a binder or binders containing all corresponding exhibits, including a table of contents for the exhibits. The exhibits shall be separated by index tabs so that the particular exhibit may be readily located within the group of exhibits. *All chambers copies should be printed from the docket and should bear the header of the Court's electronic filing system*.

## Affidavits

Counsel are discouraged from filing, as the court is disinclined to rely upon, affidavits attesting to facts of which counsel have no personal knowledge. Instead,

5

**affidavits should be made by parties or witnesses with personal knowledge of the matters contained therein.**

## Special Proceedings

***Ex parte* orders are rarely entered.  Applications for *ex parte* relief must be accompanied by an affidavit of an individual having personal knowledge of facts warranting the extraordinary relief sought and, absent good cause shown, stating what, how and when notice was given to the opposing party. *exparte* relief will require entry of a motion to show cause.  Counsel should include, along with the application for extraordinary relief, a proposed order to show cause.**

## Oral Argument

**Oral argument may be scheduled in complex cases or at the Court's request where either the law or the facts are not fully developed in the motions and memoranda of law or to facilitate the fair, efficient and timely resolution of an issue.**

## Resolution by Telephone

**Rulings must be requested and will be entered electronically.  Counsel of record will receive instantaneous notice of all rulings, obviating the need to call chambers to request the status of a ruling.  Telephonic and other oral motions are discouraged. (See Discovery Disputes herein.)**

## Rulings from the Bench

The court may summarily rule from the bench in instances where the issues are fully developed in the parties' briefs and then issue a written ruling stating more completely the factual and legal authority for the ruling.

## Referral to Magistrate Judge and Special Masters

All cases are referred to a Magistrate Judge for a settlement conference after discovery is complete and dispositive motions have been ruled upon. Parties may request a referral for settlement earlier in the proceedings. To request such an early settlement conference the parties shall file a joint motion indicating that they have met, conferred, and had preliminary settlement discussions and representing that both parties have concluded that a settlement conference will likely lead to a resolution of the case.  Discovery matters may also be referred to a Magistrate Judge at the Court's discretion.

## Trial Dates

The Court will issue a scheduling order notifying the parties of the deadline for filing the joint trial memorandum and the jury selection or court trial date.  Evidence will proceed in the month the jury is selected.  Counsel shall be prepared to commence evidence on any day during the month of jury selection. Specific dates for the presentation of evidence will be designated following submission of the parties' joint trial memorandum.

## Joint Trial Memorandum

A Joint Trial Memorandum Order is issued along with this document, prescribing the content and the date for filing the Joint Trial Memorandum. (See http://www.ctd.uscourts.gov/content/vanessa-l-bryant#scheduling-order.)

Counsel must attach motions *in limine* as well as proposed jury charges and any proposed jury interrogatories to the Joint Trial Memorandum. The Joint Trial Memorandum must also include all proposed exhibits.

## Motions *in Limine* and Objections Thereto

Counsel shall list in the Joint Trial Memorandum any evidentiary problems anticipated by any party. They shall attach to the Joint Trial Memorandum motions *in limine* along with memoranda of law concerning any anticipated evidentiary issues. All memoranda in opposition to any motion *in limine* must be filed within ten (10) days after the date on which the Joint Trial Memorandum is filed and in any event no later than three (3) days before the Final Pretrial Conference. (See Joint Trial Memorandum Instructions.)

## Jury Instructions and Interrogatories

Counsel must meet and confer and file jointly a joint trial memorandum including a single statement of the case, single set of proposed voir dire questions, single set of proposed jury instructions and single set of interrogatories as part of the Joint Trial Memorandum. Objections must be supported by a clear and concise statement of the basis of the objection and the legal authority therefore.

## Trial Schedule

The trial day begins at 9:30 and ends at 4:30 Monday through Friday. All matters other than the presentation of evidence which must be addressed outside the presence of the jury will be heard between 9:00 and 9:30 and between 4:30 and 5:00. Counsel are asked to be available in Court at 8:30 each day of the trial.

## Hearings on Evidentiary Matters

Prior to seating the jury, the Court will hear argument on all objections and motions *in limine* that can be decided without an offer of proof from a witness other than a party. The remaining objections and motions will be ruled upon during trial. Evidentiary hearings will be conducted between 9:00 and 9:30 on the morning the evidence is proposed to be offered. Any party who believes that more time is necessary to resolve an evidentiary issue is asked to raise the issue in the final Pretrial Conference. The Court will endeavor to schedule a hearing for such lengthy matters and a mutually convenient time that will not disrupt the flow of the trial.

## Exhibit Lists/Marking Exhibits

Counsel shall include as part of their Joint Trial Memorandum, a list of all exhibits to be offered at trial, including a brief description of their contents, any objections thereto, and any response to the objections. The parties shall mark all exhibits alpha-numerically, with exhibit tags (which will be provided by the clerk's office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "A." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit

9

identification to ensure that exhibits and numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. On the date that the Joint Trial Memorandum is delivered to the court, counsel shall deliver to Judge Bryant's Courtroom Deputy Jeremy Shafer the original marked exhibits placed in a three-ring binder with a copy of the exhibit list and summary describing the exhibit and any objection and response, together with the legal authority therefore, at the front of the binder and with each exhibit separately tabbed. On the same date, counsel shall also deliver to Chambers two (2) copies of the original set of exhibits and summary. The exhibits shall be separated by index tabs so that the particular exhibit may be readily located within the group of exhibits.

Generally, exhibits that are not included in the submission will be inadmissible unless all parties agree that they may be admitted or they are offered for impeachment or rebuttal.

## Demonstrative Exhibits

Enlargements, boards and other demonstrative exhibits will not be marked as full exhibits unless the parties agree that they be so marked.

## Witness List

Counsel shall set forth the name and address of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to

testify and which witnesses will be called only if the need arises. For each expert witness, also set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Lastly, state the area of the witness's expertise and attach a copy of the expert's report and curriculum vitae, if available.  Counsel are asked to provide Jeremy Shafer, courtroom deputy, with three (3) copies of the witness list.

Any objection to the admissibility of the testimony of any witness must be stated in the witness section of the Joint Trial Memorandum, along with a brief statement of the grounds and citations to the legal authority supporting the objection as well as a brief statement and citations to supporting legal authority from the proponent of the witness regarding admissibility.

Witnesses not included in this list may not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.

## Jury Selection

Jury Selection is generally the third Tuesday of each month. The venirepersons will be interviewed and seated in the order in which they have been randomly selected and counsel will be provided with a list of venirepersons in that order. Venirepersons will be referred to by the number of their random selection: the first venireperson selected being referred to as "number 1" and so on. The Court will give the venirepersons a precis of the claims and defenses in the case and a trial

schedule. The Court will then ask the attorneys to identify themselves, their client and their colleagues. The Court will then ask the venirepersons to introduce themselves and answer biographical and case specific questions designed to identify those who should be excused for cause. Counsel may file with the Court proposed *voir dire* questions in their Joint Trial Memorandum. The Court will state which venirepersons are excused for cause after consultation with counsel at sidebar. Counsel may then move the Court to excuse additional jurors for cause. The Court decides whether and which additional jurors will be excused for cause. Counsel will exercise peremptory challenges alternately. The venirepersons who were not selected will be excused. The ones who were selected will be given a preliminary charge regarding juror conduct and told to report back at the designated time for trial. (See D. Conn. L. Civ. R. 47.)

## Time Limits

Opening statements and closing arguments are limited to thirty (30) minutes. The Court does not generally limit the time for the presentation of evidence and will reserve the amount of time counsel estimate in their Joint Trial Memorandum. Counsel are asked to be mindful of the fact that the Court has scheduled other matters in reliance on counsel's estimate. Trials that last longer than counsel's estimate may be continued to the next available date so that previously scheduled matters may go forward as scheduled.

## Examination of Witnesses

Counsel should avoid repetitive and irrelevant questions. In cases involving multiple plaintiffs and/or defendants represented by separate counsel, plaintiff and defense counsel may find it advantageous to designate a lead lawyer to examine each witness and confer on the questions to be asked to avoid objectionable repetition.

## Objections to Questions Asked During Trial

Counsel are expected to cite the rule of evidence and rationale on which their objection is based. Where possible, resolution of objections to questions asked at trial which are best resolved outside the presence of the jury will be heard before 9:30 and after 4:30.

## Note-taking

The members of the jury will be allowed to take notes for their personal use only. Notebooks will be issued at the beginning of each trial day and collected at the end of each trial day.

## Courtroom Technology

For questions related to courtroom technology, contact Jeremy Shafer at (860) 240-3207.  Requests for courtroom technology must be submitted via the "Courtroom Technology Request Form" available at the following website: http://www.ctd.uscourts.gov/forms/request-courtroom-technology.