

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

JFK Federal Building
15 New Sudbury Street, Room 475
Boston, MA 02203-0506
Website: www.eeoc.gov

**October 29, 2020**

**The Hon. Vanessa L. Bryant**
**Abraham Ribicoff Federal Building**
**450 Main Street, Annex 135**
**Hartford, CT 06103**

Re:    EEOC v. Yale New Haven Hospital, Inc.
Civil Action No. 3:20-cv-00187-VLB

**Dear Judge Bryant:**

**Pursuant to the Court's Chamber Practices concerning "Discovery Disputes," the parties conferred on October 27, 2020, and EEOC requests a discovery conference to discuss a dispute with Defendant concerning the scope of discovery contemplated in this Court's Preliminary Scheduling Order issued on October 19, 2020 (Dkt. 45) ("the Order"). To that end, EEOC files this notice of the issues.**

**It is Defendant Yale New Haven Hospital's ("YNHH") position that the language of the Order does not provide for Phase 1 discovery other than the following:**

**1.    YNHH provides the names of all individuals subject to YNHH's Late Career Practitioner Policy ("the Policy"),[1] and**

**2.    EEOC then discloses to YNHH those it will contend are "Aggrieved Individuals."**

---

**[1] Although the Order states that YNHH is only to provide the names of these individuals, YNHH has agreed to provide the business contact information for them to which it has access.**

It is Defendant's position that no other discovery is necessary from YNHH for the EEOC to identify and contact its Aggrieved Individuals and collect the information it believes is necessary to file a motion for summary judgment on the issue of whether those Aggrieved Individuals are employees under the ADEA and ADA.

It is the EEOC's position that, because EEOC must be permitted to conduct discovery on the issues for which it has the burden of proof – the employee status of individuals affected by the Policy and whether YNHH is an integrated enterprise or joint employer, and therefore also employs those individuals employed by other entities – the Court's Preliminary Scheduling Order does not limit the scope of discovery solely to YNHH's service of a list of names and the immediate identification of those individuals for whom EEOC would seek relief. EEOC disagrees with YNHH's position because, were discovery so limited in scope, EEOC would be severely prejudiced and completely precluded from obtaining the discovery necessary to rebut or oppose a motion for summary judgment regarding the employment status of Aggrieved Individuals under the ADEA and ADA.

To meet its burdens of proof on employment status, the Commission must not only obtain factual discovery regarding: A) whether each individual was directly employed with YNHH; but also B) whether YNHH and Yale School of Medicine ("YSM"), YNHH and the Northeast Medical Group, or YNHH and other entities are integrated or joint employers with respect to those affected by the Policy.  Critically, this discovery *cannot* be obtained solely from the Aggrieved

Individuals, as it requires the development of complex facts, from both Aggrieved Individuals and Defendant YNHH. *See Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989) (identifying 13 factors to weigh in determining employment status). The EEOC must also obtain discovery from YNHH and third parties concerning the: A) interrelation of operations; B) centralized control of labor relations; C) common management, and D) common ownership or financial control in order to prove that YNHH and entities such as the Yale School of Medicine are an integrated enterprise[2]  or joint employer[3] such that Aggrieved Individuals are employed by both entities as a matter of law. A substantial portion of this information is solely in YNHH's possession. The EEOC will not be able to rebut or oppose YNHH's dispositive motions directed to employment status without discovery on the multiple factors bearing on these employment status determinations.

Aside from the dispute concerning the scope of discovery, the EEOC is also concerned that the Court's Preliminary Scheduling Order does not permit time sufficient for the EEOC to discover and develop those complex facts described above that it can likely obtain from Aggrieved Individuals.  Based on estimates provided by YNHH, the EEOC anticipates a list of approximately 150

---

[2] *Broadcast Tech. Local Union v. Broadcast Serv.*, 380 U.S. 255, 256 (1965) (*per curiam*) (NLRA); *Cook v. Arrowsmith Shelburne, Inc*., 69 F.3d 1235, 1240 (2d Cir. 1995) (applying test under Title VII); *Sabol v. Cable & Wireless PLC*, 361 F. Supp. 2d 205, 208 n.3 (S.D.N.Y. 2005) (under ADEA); *Doe v. Shapiro*, 852 F. Supp. 1246 (E.D. Pa. 1994) (under ADA).

[3] *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 199 n.7 (2d Cir. 2005); *St. Jean v. Orient-Express Hotels Inc*., 963 F. Supp. 2d 301, 308 (S.D.N.Y. 2013).

names. Respectfully, the EEOC will not be able to locate, interview, collect and review documents, and reach legal conclusions about each Aggrieved Individual's employment status for 150 medical professionals having intricate inter-relationships with various centers, facilities, and hospitals, in 24 calendar days. Defendant has also aptly and repeatedly noted that YNHH, where *all* of the Aggrieved Individuals work to some extent or the other, is overrun with pandemic-related concerns that will, of course, extend to the EEOC's ability to contact and conduct in depth interviews with these 150 medical professionals. Based on the foregoing, the EEOC requests – at the very least -- 60 days from the date YNHH provides the names and business contact information for Aggrieved Individuals who have attained the age of 70 or older.[4]

EEOC respectfully requests a telephonic conference with the Court to discuss these matters. Counsel for Defendant has reviewed this letter and does not oppose EEOC's request for a conference.

Respectfully submitted,

s/ Markus L. Penzel
*Attorney for Plaintiff*
Markus L. Penzel
Senior Trial Attorney
U.S. Equal Employment Opportunity
Commission
John F. Kennedy Federal Building
Room 475
Boston, MA 02203
Tel: (617) 565-3193
Fax: (617) 565-3196

---

[4] The parties Joint Rule 26(f) filing had contemplated that EEOC would have 90 days to make its initial disclosure of Aggrieved Individuals and would make them on a rolling basis thereafter until 60 days prior to the close of discovery. Dkt. 36 at 8.

Markus.Penzel@eeoc.gov

Kimberly Cruz
EEOC New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: (929) 506-5345
Fax: (212) 336-3623
kimberly.cruz@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case.

/s/ Markus L. Penzel
Markus L. Penzel