

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
**T** (312) 460-5000
**F** (312) 460-7000

cdegroff@seyfarth.com
T (312) 460-5982

www.seyfarth.com

**November 20, 2020**

**The Hon. Vanessa L. Bryant**
**United States District Judge for the District of Connecticut**
**US District Court for the District of Connecticut**
**Abraham Ribicoff Federal Building**
**450 Main Street, Annex 135**
**Hartford, CT 06103**

Re:   EEOC v. Yale New Haven Hospital, Inc.
       Civil Action No. 3:20-cv-00187-VLB

**Dear Hon. Judge Bryant:**

Regrettably, while YNHH has attempted to informally resolve its discovery concern with the EEOC, Defendant needs additional guidance to prevent undue prejudice.  The following letter sets out YNHH's understanding of the dispute.  Also attached is a letter articulating the EEOC's views of the dispute.[1]

The issue Defendant respectfully presents is simply whether YNHH is allowed to conduct discovery corresponding to that discovery granted to the EEOC in the Court's Order dated November 3, 2020 (ECF No. 48).  YNHH believes bilateral discovery was the Court's intent.  The EEOC disagrees.

---

[1] **Because the Court's order requires a succinct summary of the issue, YNHH disagreed with the EEOC including multiple pages of Plaintiff's argument in Defendant's letter.  To address the disagreement, YNHH recommended the EEOC prepare its position separately and agreed the Parties would submit them together.**

**Seyfarth**

On October 29, 2020, the Plaintiff EEOC requested clarification on the wording of the Court's October 16, 2020 order (ECF No. 45), as the Order did not specifically provide for discovery by the EEOC during Phase I. The EEOC also requested additional time to complete that Phase I discovery. The Court clarified in ECF No. 48 that the EEOC would be allowed to conduct certain discovery on particular topics, as well as granted additional time to conduct discovery.

The EEOC takes the position that the Court, by its wording in ECF No. 48, intended to deny YNHH the opportunity to conduct reciprocal written discovery during Phase I. In an attempt at compromise, and to avoid troubling the Court with this issue, on November 9, 2020, YNHH offered to limit its discovery to only 7 interrogatories (one of which relates to each Aggrieved Individual identified) and 4 document requests.

Specifically, Defendant's discovery, originally served on August 18, 2020, seeks:

- the facts and documents supporting the EEOC's position that YNHH has an integrated enterprise relationship with other entities;

- the facts and documents supporting the EEOC's allegation that YNHH is a joint employer with other entities; and

- the facts and documents supporting the EEOC's claim that the Aggrieved Individuals it chooses to identify had an employment relationship with YNHH.



The EEOC rejected YNHH's compromise and maintains that the Defendant is precluded from conducting any discovery during Phase I.

YNHH simply seeks clarification on the Court's November 3, 2020 Order to confirm that YNHH is permitted to conduct discovery on the same topics as those allowed for the EEOC.

Without this discovery, YNHH will learn the factual and evidentiary bases for the EEOC's legal theories for the first time during summary judgment briefing, with no opportunity to investigate the support for the EEOC's theories, thus unduly prejudicing YNHH.  As this Court has instructed, "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants. 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'"  *Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-CV-01891 (VLB), 2019 WL 1533437, at *2 (D. Conn. Apr. 8, 2019) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Alternatively, if the Court did intend to preclude YNHH from conducting any discovery during Phase I, Defendant respectfully requests the order be modified to allow YNHH to conduct discovery on the same topics as that allowed to the EEOC.

Per the Court's Order on Chambers Practices, the Parties telephonically conferred on this topic on November 18, 2020, and were unable to resolve this issue.



**Although the EEOC objects to YNHH's requested relief, it joins in YNHH's request for a telephonic conference with the Court to discuss this issue.**

Very truly yours,

SEYFARTH SHAW LLP

Christopher J. DeGroff



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

JFK Federal Building
15 New Sudbury Street, Room 475
Boston, MA 02203-0506
Website: www.eeoc.gov

**November 20, 2020**

**The Hon. Vanessa L. Bryant**
**Abraham Ribicoff Federal Building**
**450 Main Street, Annex 135**
**Hartford, CT 06103**

                Re:    EEOC v. Yale New Haven Hospital, Inc.
                         Civil Action No. 3:20-cv-00187-VLB

**Dear Judge Bryant:**

      Regrettably, Defendant YNHH objected to including EEOC's full position in a single joint submission and asked us to prepare this separate letter, which they offered to attach to their filing. Although EEOC objects to YNHH's requested relief, as set forth below, it joins in YNHH's request for a telephonic conference with the Court to discuss this matter.  EEOC's positions regarding the views expressed in Defendant's letter are as follows:

      1.    <u>YNHH's Reversal of Position</u>.  On October 29, 2020, Plaintiff EEOC requested clarification on the wording of the Court's October 16, 2020, Order (ECF No. 45) and requested a discovery conference because the Order did not specifically provide for written or oral discovery by Plaintiff concerning the Phase I issues for which EEOC had the burden of proof.  YNHH did not join in that request, nor did it seek any clarification as to whether YNHH could serve written discovery. It did not do so because it was YNHH's position, as asserted to this Court and to EEOC, that ECF No. 45 precluded *any* discovery from *either party* other than what was provided in the Order, namely YNHH's identification of those

individuals subjected to the Late Career Practitioner Policy and EEOC's identification of those individuals on that list for whom it would seek relief. *See* ECF 47. In fact, during the parties' meet and confer prior to the filing of ECF 47, YNHH explained to the EEOC that it did not even *need* discovery on the employment relationship or integrated enterprise issues, explaining that it could support its motion for summary judgment on the employer issues with simple affidavits.

On November 3, 2020, this Court granted in part and denied in part the EEOC's request. *See* ECF 48. The Court denied EEOC's request for a discovery conference, but it ordered that EEOC could conduct discovery "on both the Aggrieved Individuals and Defendant's interrelationships with third-party medical group entities," gave the EEOC 48 additional days to complete this discovery (on top of the original 24), and adjusted deadlines accordingly. It did not provide for YNHH to serve written discovery upon EEOC, nor contemplate EEOC responding to written discovery requests from YNHH. This is consistent with YNHH's position before this Court and as argued to EEOC, resulting in the filing of ECF 47.

It is EEOC's position that ECF 48 *confirmed* YNHH's stated position. Nothing has changed to justify Defendant's change of position, given that the Court has kept the relative timing of everything else essentially the same. The abrupt change in position can only be explained by the reality that, so long as EEOC was prevented from completing necessary discovery to meet its burdens of proof, Defendant YNHH was tactically content with not pursuing discovery

from EEOC or enlarging the time to do so. YNHH should not now be permitted to reverse its position.

        2.        **Proposed Compromise.**   EEOC rejected the so-called compromise both because the interrogatories contain multiple subparts far exceeding the allowable limit without court permission (and about which the parties have not reached a corresponding agreement regarding EEOC's interrogatories to Defendant) and because both the interrogatories and the requests for production would require far more time to respond to than the Court has allowed, because they require *individual* responses and document collections from each of up to 170 individuals. In addition, EEOC's efforts to contact those subjected to the Policy (Defendant's list contained 170 names) have been hampered because the spreadsheet the Court ordered YNHH to provide on November 6 did not contain the contact information previously promised by Defendant and, in some cases, no usable contact information at all. Only on November 19 did YNHH provide all the required information that the Court had ordered. Therefore, EEOC rejected Defendant's offer.

        3.        **Prejudice.**  YNHH's discovery requests do not seek legal theories and, in any event, YNHH already knows what EEOC's legal theories are because the EEOC spelled them out in great detail. *See, e.g.,* ECF No. 31.  Having all of the necessary information in its possession, custody, or within its control, YNHH can conduct its own internal *factual* investigation regarding the 170 individuals it identified on November 6, 2020 (to the extent it has not already), and it can determine without EEOC's assistance the extent to which those physicians were

involved with it. It certainly has all the information that the EEOC has sought regarding its relationship with Yale Medical School and the Northeast Medical Group.

4.   **YNHH's Alternative Position.**  If this Court did not intend to preclude YNHH from conducting discovery during Phase I and now further clarifies the Order to allow YNHH to conduct written discovery, the EEOC asks that the Court reexamine the parties' joint Rule 26(f) Report (ECF 36) and allow discovery to proceed on the basis then negotiated and agreed to by the parties, with the discovery cut-off date proposed by Defendant: June 1, 2021.

Respectfully submitted,

s/ Markus L. Penzel
*Attorney for Plaintiff*
Markus L. Penzel
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
John F. Kennedy Federal Building
Room 475
Boston, MA 02203
Tel: (617) 865-3679
Fax: (617) 565-3196
Markus.Penzel@eeoc.gov

Kimberly A. Cruz
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: (929) 506-5345
Fax: (212) 336-3623
kimberly.cruz@eeoc.gov