**Seyfarth Shaw LLP**

233 South Wacker Drive

Suite 8000

Chicago, Illinois  60606-6448

**T** (312) 460-5000

**F** (312) 460-7000

cdegroff@seyfarth.com

T (312) 460-5982

www.seyfarth.com

**December 7, 2020**

**The Hon. Vanessa L. Bryant**
**United States District Judge for the District of Connecticut**
**Abraham Ribicoff Federal Building**
**450 Main Street, Annex 135**
**Hartford, CT 06103**

**Re:**   **EEOC v. Yale New Haven Hospital, Inc.**
           **Civil Action No. 15-CV-00187-VLB**

**Dear Hon. Judge Bryant:**

Per the Court's Order dated November 24, 2020 (Doc. 52), Defendant Yale New Haven Hospital, Inc. ("YNHH") hereby submits its responses to the EEOC arguments made in the discovery dispute YNHH raised to the Court on November 20, 2020 (Doc. 50).

**I.      EEOC's Argument: "YNHH Reversal of Position**.

*YNHH originally observed that the Court's October 16, 2020 Preliminary Scheduling Order (Doc. 45) did not appear to authorize discovery by either party in Phase I.  The Court issued another order on November 3, 2020 (Doc. 48), which the EEOC contends only permitted it to conduct discovery during Phase I.  The EEOC now suggests that YNHH's position requesting confirmation that discovery proceed bilaterally is somehow a reversal of its earlier position.*

- **YNHH Response:**

YNHH has not reversed its position. YNHH's good faith reading of the language in the Court's Preliminary Scheduling Order (Doc. 45) was that no discovery was authorized in Phase I. However, after the Court issued its November 3, 2020 Order (Doc. 48) clarifying that discovery was indeed authorized, YNHH adjusted its position to align with the Court's November 3 Order. In short, YNHH's current assertion simply follows the reasonable interpretation of the Court's clarification Order. YNHH never took the position, or even contemplated, that unilateral discovery by the EEOC would be appropriate, or that it was the Court's intent.

II.   **EEOC's Argument: "Proposed Compromise".**

*The EEOC asserts that it rejected YNHH's proposed compromise of limiting its discovery requests because the EEOC's responses would supposedly require more time to prepare than allotted by the Court's schedule. The EEOC further contends that YNHH initially produced incomplete contact information for the potential claimant pool, which hampered its efforts to contact the practitioners.*

- **YNHH Response:**

The EEOC complains it does not have enough time to respond to limited discovery in the timeframe set forth by the Court (Doc. 48). The Court has made it clear that Phase I discovery should not take longer than a few months. *See* October

7, 2020 Scheduling Order (Doc. 43) (vacated by Doc. 44) ("the Court sees no reason that three depositions and limited interrogatories to potential Aggrieved Individuals should take longer than [March 31, 2021 deadline]"), and November 3, 2020 Order (Doc. 48) (providing 72 days to complete Phase I discovery). Respectfully, YNHH contends this argument is a veiled attempt by the EEOC to obtain another extension, or conversely, to prohibit good faith mutual discovery by YNHH.

Notably, the discovery served by the EEOC is far more onerous than YNHH's requests, even before it offered its compromise. YNHH has suggested it could limit its requests to seven (7) interrogatories (one of which relates to each Aggrieved Individual identified) and four (4) document requests. The EEOC, on the other hand, has served **61** Requests for Production and 20 Interrogatories (one of which includes 13 subparts to be applied to all 170 affected individuals, resulting in 2,210 total inquiries). Much of this discovery is improper for a variety of reasons that will not be discussed here, but the EEOC cannot plausibly argue that, given YNHH's good faith offer of compromise, and particularly compared to the EEOC's own discovery, that YNHH's discovery is over burdensome.

Further, the EEOC has not been hampered in its efforts to contact the potential Aggrieved Individuals. First, the EEOC could have reached the majority of the potential claimant pool weeks ago. On November 6, 2020, YNHH produced a spreadsheet identifying all of the potential Aggrieved Individuals, per the Court's Order (Doc. 48), which directed YNHH to produce "a spreadsheet listing the

potentially affected individuals, those over the age of 70 who were directed to submit to testing under Yale's Policy." YNHH included the readily available contact information it had for the 170 practitioners, including available email addresses and/or telephone numbers for the majority of those listed. Less than 72 hours after receiving the list, the EEOC successfully delivered emails to a significant portion of these individuals. When the EEOC encountered problems connecting with some of the individuals electronically, it contacted YNHH counsel, and YNHH manually searched its records and produced private home mailing addresses for all 170 of the affected individuals.

Although the EEOC will not reveal to YNHH how many of these individuals it has contacted, there is nothing suggesting that the EEOC has been somehow compromised in its contact campaign.

III.   **EEOC's Argument: "Prejudice".**

*The EEOC contends that YNHH will not be prejudiced by unilateral EEOC discovery because YNHH can supposedly conduct its own internal investigation regarding its employment relationship with each of the potential Aggrieved Individuals.*

- **YNHH Response:**

The EEOC, by this argument, is again attempting to shift the burden of proof as to an essential element of its case to Defendant. Simply put, the EEOC has the

**burden to prove each affected individual is a YNHH employee. The EEOC, therefore, must establish sufficient facts to sustain that burden. Consequently, the EEOC's "no prejudice" argument is both circular and flawed. For starters, the vast majority of the potential Aggrieved Individuals in this case are not employed by YNHH. Thus, YNHH has only limited information regarding many of these individuals. The EEOC's position that YNHH should already have substantial employee information assumes these individuals are employees in the first place - the very legal point the EEOC is attempting to establish in Phase I. Second, Defendant, like any defendant, is entitled to discover what facts and information Plaintiff will use to prove its claims, and not have to "guess" by conducting "its own discovery." Requiring YNHH to guess at the facts upon which the EEOC will rely is clearly prejudicial.**

**The EEOC has suggested that YNHH mentioned earlier that it could develop its case through affidavits only. However, proper and complete affidavits can only be crafted after disclosure of the EEOC's information about the impacted individuals. *See* YNHH's Proposed Rule 26(f) Report (Doc. 29) (describing key information on each Aggrieved Individual to be provided by the EEOC via verified disclosures). Yet, here again, the EEOC does not want to provide YNHH any information whatsoever. Instead, the EEOC wishes to use the element of surprise as its central tactic on summary judgment. That is precisely what this Court has previously held is improper. *See Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3-16:CV-01891 (VLB), 2019 WL 1533437, at \*2 (D. Conn. Apr. 8, 2019) (quoting**

*Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'").

IV.   **EEOC's Argument: "YNHH's Alternative Position".**

*If the Court does allow bilateral discovery, the EEOC asks the Court to reexamine the parties' joint Rule 26(f) Report (Doc. 36) and extend the time for Phase I discovery to June 1, 2021.*

- **YNHH Response:**

It is YNHH's understanding that the Court contemplated bilateral discovery in its Clarification Order (Doc. 48), in the first instance, and thus, has already decided the proper time frame for completing discovery by both parties.  The EEOC has had YNHH's discovery requests since August, and has had the potential Aggrieved Individual information for weeks.  The EEOC has already been in touch with a number of potential claimants (which Defendant knows by virtue of the EEOC's own communications to it regarding individuals it has contacted), and should not need until June 2021 to start a rolling production of facts and documents.

The Hon. Vanessa L. Bryant<br>
December 7, 2020<br>
Page 7

**Very truly yours,**

**SEYFARTH SHAW LLP**

**Christopher J. DeGroff**