UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>YALE NEW HAVEN HOSPITAL, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:20-CV-00187 |

### DEFENDANT'S [PROPOSED] PHASE I DISCOVERY REQUESTS TO THE EEOC

Defendant Yale New Haven Hospital, Inc. ("YNHH"), by and through counsel and pursuant to the Court's Order dated December 16, 2020 (Doc. No. 55), hereby requests authorization to serve the following proposed Phase I discovery requests to Plaintiff Equal Employment Opportunity Commission ("EEOC"), including four (4) proposed requests for production of documents and seven (7) interrogatories.[1]

### REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

For each Affected Individual, produce all documents that relate to his/her alleged employment status with YNHH, including but not limited to, personnel files,

---

[1] For ease of review, Defendant's standard definitions and instructions are not included, but can be provided at the Court's request. For the purposes of these requests, the term "Affected Individual" refers to any practitioner who has been asked to take a neuropsychological examination pursuant to Defendant's Late Career Practitioner Policy, excluding any individual(s) Defendant identifies as a YNHH employee.

employment or contracting agreements, offer letters, tax reporting forms, and communications between any Affected Individual(s) and YNHH or any other employer regarding their employment relationship, terms of employment, and/or working conditions.

**REQUEST NO. 2:**

For each Affected Individual, produce all documents that support or relate to your contention that his/her employment was conditioned upon the maintenance of privileges at YNHH during the relevant time period.

**REQUEST NO. 3:**

For each Affected Individual, produce all documents that support or relate to your contention that YNHH jointly employed the Affected Individual with another entity.

**REQUEST NO. 4:**

Produce all documents that support or relate to your contention that YNHH and YSM are an integrated enterprise.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Affected Individual, describe all facts and documents that support your contention that he/she is or was employed by YNHH. Identify all documents that relate to this answer.

**INTERROGATORY NO. 2:**

For each Affected Individual, describe all facts and documents that support your contention that he/she was hired by YNHH, received remuneration in some form for his/her work at YNHH, and/or received substantial benefits from YNHH (as alleged in Plaintiff's Supplemental Memorandum in Support of its Proposed Case Management Plan [Dkt. 31]). Identify all documents that relate to this answer.

**INTERROGATORY NO. 3:**

Describe all facts and documents that support your contention that YNHH is an integrated enterprise with YSM. Identify all documents that relate to this answer.

**INTERROGATORY NO. 4:**

For each Affected Individual, identify any entity you allege jointly employs him/her with YNHH, and describe all facts and documents that support your contention that YNHH is a joint employer with each identified entity. Identify all documents that relate to this answer.

**INTERROGATORY NO. 5:**

For each Affected Individual, describe all facts and documents that support your contention that his/her employment is and/or was conditioned on the maintenance of privileges at YNHH during the relevant time period. Identify all documents that relate to this answer.

3

**INTERROGATORY NO. 6:**

**For each Affected Individual, provide a verified explanation of his/her employment relationship to YNHH, including but not limited to the following:**

a. **The Affected Individual's job title and the nature of his/her medical practice (sole practitioner, group practice, YSM faculty, YNHH Chief/Chair, etc.);**

b. **How the Affected Individual was paid during the relevant time period and by what entity;**

c. **What individual or entity sets the Affected Individual's schedule and determines his/her hours of work;**

d. **The location(s) of the Affected Individual's work, and the percentage of time the Affected Individual works at each location;**

e. **What individual and/or entity sets the number of patients the Affected Individual treats;**

f. **Who the Affected Individual believes are his/her supervisor(s), monitoring day to day work quality;**

g. **What entity provides the Affected Individual with benefits (specifically: paid time off; health, dental, and/or vision insurance; life insurance, retirement benefits or accounts, healthcare spending or reimbursement accounts, and short or long term disability insurance);**

h. **The entity the Affected Individual claims sets the day to day requirements and duties for the his/her medical practice;**

i. **At what hospitals and/or medical facilities the Affected Individual practices medicine and/or holds privileges to practice medicine;**

j. **What individual or entity the Affected Individual identified as his/her employer on his/her application for medical license or renewal of license during the relevant time period;**

k. **How the Affected Individual claims he/she is compensated for work he/she performs at YNHH;**

l. **What individual or entity is assigned the Affected Individual's billing rights and/or bills for and collects income for services the Affected Individual performs at YNHH;**

4

      **m.**      **Dates of the Affected Individual's professional association with any hospital or other health care provider during the relevant time period;**

      **n.**      **Describe each Affected Individual's responsibility, if any, for selecting, hiring, or making any other employment decision about any YNHH employee; and**

      **o.**      **What individuals and/or entities maintain personnel files for the Affected Individual during the relevant time period.**

**Identify all documents that relate to this answer.**

## INTERROGATORY NO. 7:

**Describe each identified Affected Individual's duties at YNHH, and describe all facts that support your contention that YNHH exercised control over any of those duties. When responding, provide at least the level of detail and information that the EEOC submitted concerning these issues as applied to Dr. Irwin Nash in Plaintiff's Supplemental Memorandum in Support of its Proposed Case Management Plan [Dkt. 31]. Identify all documents that relate to this answer.**

DATED: December 22, 2020

Respectfully submitted,

YALE NEW HAVE HOSPITAL, INC.

By: /s/ Christopher J. DeGroff
Christopher J. DeGroff

Christopher J. DeGroff
cdegroff@seyfarth.com, admitted *pro hac vice*
Shana Madigan, admitted *pro hac vice*
smadigan@seyfarth.com
Stephen Beiting, admitted *pro hac vice*
sbeiting@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive. Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Mary A. Gambardella (ct05386)
mgambardella@wiggin.com
Joshua J. Wyatt (ct28916)
jwyatt@wiggin.com
WIGGIN AND DANA LLP
One Century Tower
265 Church Street, 18th Floor
New Haven, Connecticut 06508
Tel: (203) 498-4328
Fax: (203) 789-2889

*Attorneys for Defendant
Yale New Haven Hospital, Inc.*

## CERTIFICATE OF SERVICE

**I hereby certify that on December 22, 2020, I electronically filed the foregoing DEFENDANT'S [PROPOSED] PHASE I DISCOVERY REQUESTS TO THE EEOC with the Clerk of the District Court using its CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case.**

By: *Shana Madigan*
**Shana Madigan**