IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YALE NEW HAVEN HOSPITAL, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 3:20-cv-187 (VLB)<br><br><br>May 26, 2021 |

## MEMORANDUM OF LAW IN SUPPORT OF THE EEOC'S MOTION TO AMEND THE COMPLAINT TO VOLUNTARILY DISMISS ITS ADA INTERFERENCE CLAIM

Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), through undersigned counsel and pursuant to Rules 15(a) and/or 41(a)(2) of the Federal Rules of Civil Procedure, hereby files this Motion to Amend for the purpose of voluntarily dismissing without prejudice its interference claim asserted against Defendant Yale New Haven Hospital, Inc. ("YNHH") under the Americans with Disabilities Act.

I. **BACKGROUND**

On February 11, 2020, the EEOC initiated this lawsuit against YNHH and asserted three causes of action challenging YNHH's Late Career Practitioner Policy ("Policy"), which subjects every applicant for medical staff privileges at YNHH to ophthalmological and neuropsychological testing, if they are age 70 and older. *See* Dkt. 1. In the original Complaint, the EEOC asserted that by implementing the Policy, YNHH: (1) violated the Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et seq.* because the Policy applies only to those age 70 and above; (2) violated the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(4)(A), because the Policy subjects employees to a prohibited medical examination; and (3) further violated the Americans with Disabilities Act, 42 U.S.C. § 12203(b), because by imposing the Policy on individuals whose continued employment with Yale School of Medicine and other employers was conditioned upon maintaining medical staff privileges at YNHH, YNHH interfered with the exercise or enjoyment of an individual's rights protected by the ADA, namely the right to be free from unlawful medical examinations. *Id.*

The Parties disputed whether YNHH employed some or all of the individuals subjected to the Policy. Phase I discovery was directed to the employment status of the individuals subjected to the Policy and the interrelationships between YNHH and the Yale School of Medicine and Northwest Medical Group. *See* Dkt. 48. But notably, 42 U.S.C. § 12203(b)'s prohibition is not limited to claims of interference committed by an individual's employer,[1] and so even if the EEOC were unsuccessful in establishing that YNHH employed these individuals under the law, it would still have been able to obtain relief for those individuals under this provision.

However, on January 21, 2021, the Parties were able to reach agreement as to the employment status of persons aggrieved by the Policy, and filed a joint

---

[1] *See* 42 U.S.C. § 12203(b) ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.").

**2**

Stipulation providing that, for purposes of this litigation, the individuals at issue were employees of YNHH under the ADEA and ADA. *See* Dkt. 60 (the "Stipulation"). The Court approved the Parties' Stipulation on January 22, 2021. *See* Dkt. 61. As a result, the ADA interference claim, which ensured a remedy for victims of the Policy who might not ultimately be considered "employees" of YNHH, is no longer necessary. Though the EEOC requested that Defendant stipulate to the dismissal of this claim, Defendant refused, stating it would only consent to a dismissal with prejudice.

Accordingly, the EEOC asks the Court to permit the voluntary dismissal of this claim without prejudice and to effectuate the dismissal by permitting the EEOC to file an amended complaint. A proposed amended complaint, which removes the ADA Interference claim, is attached to the Declaration of Kimberly A. Cruz as Exhibit 1, and a redline showing the changes from the operative Complaint is attached as Exhibit 2.

II. <u>GOVERNING LEGAL STANDARDS</u>

A district court has "considerable discretion" in deciding whether to allow the withdrawal of a claim without prejudice. *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985). While there is disagreement among courts as to the appropriate procedure to follow when a party seeks to dismiss a *cause of action* but not the *entire* action, the Second Circuit has made clear that a party may withdraw a claim under Rule 15 subject to the same standard of review as a withdrawal under Rule 41(a). *See Wakefield*, 769 F.2d at 114 & n.4 (noting *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.1953), which

3

holds that Rule 41 applies only to "actions," and not to single claims or causes of action, has been criticized and is now against the weight of authority); *Richards v. Groton Bd. of Educ.*, No. 3:14-CV-00709 (VLB), 2015 WL 4999803, at *1 (D. Conn. Aug. 21, 2015) ("When a plaintiff seeks to withdraw a single claim from a Complaint . . . . [t]he general consensus among courts appears to be that when a party 'only seek[s] to dismiss a particular claim ... and not the entire action ... Fed. R.Civ. P. 15, rather than Rule 41(a) ... is the appropriate device.'").

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading should generally be granted "freely . . . where justice so requires." Fed. R.Civ. P. 15(a)(2); *Leary v. Manstan*, No. 3:13-CV-00639, 2015 WL 521497, at *3 (D. Conn. Feb. 9, 2015). The party opposing the amendment "bears the burden of showing prejudice, bad faith, and futility of the amendment." *Hartmann v. QBE Specialty Ins. Co.*, No. 3:20-CV-01008 (VAB), 2021 WL 231133, at *3 (D. Conn. Jan. 22, 2021).

Rule 41(a)(2) provides that a plaintiff may seek a voluntary dismissal "on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Fed. R.Civ. P. 41(a)(2). Like under Rule 15, the decision to permit voluntary dismissal without prejudice under Rule 41(a) lies within the sound discretion of the trial court. *See Catanzano v. Wing,* 277 F.3d 99, 109 (2d Cir. 2001); *see also D'Alto v. Dahon Cal., Inc.,* 100 F.3d 281, 283 (2d Cir. 1996). "In exercising that discretion, the Second Circuit has instructed district courts to consider the following factors: (1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part;

4

(3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Ultimate Nutrition, Inc. v. Diamond Drinks, Inc.,* No. 3:06CV69 MRK, 2007 WL 2786420, at *1 (D. Conn. Sept. 24, 2007) (citing *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir.1990)). However, "[n]o single *Zagano* factor is dispositive." *Ultimate Nutrition,* 2007 WL 2786420, at *1 (citing *Wakefield,* 769 F.2d at 114 (2d Cir. 1985)). While voluntary dismissal without prejudice is thus not a matter of right, *see Zagano*, 900 F.2d at 14, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Anselmo v. Woodruff*, No. 9-19-CV-0069DNHTWD, 2019 WL 4081643, at *1 (N.D.N.Y. Aug. 29, 2019) (quoting *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-CV-9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006)); *see also Ultimate Nutrition,* 2007 WL 2786420, at *1 ("[C]ourts generally will allow dismissal without prejudice absent a showing that defendant will be substantially prejudiced as a result.") (citing *Wakefield,* 769 F.2d at 114 (2d Cir. 1985)); *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).

As described below, whether viewed through the lens of Rule 15(a) or Rule 41(a)(2), all considerations weigh in favor of granting the EEOC's Motion to Amend to effectuate the dismissal of its ADA interference claim without prejudice.

5

***A. The Motion is Timely and the EEOC has acted Diligently in Bringing it.***

Prior to the Parties' January 21, 2021 Stipulation, success on the ADA Interference claim would have provided a remedy to those individual practitioners subject to YNHH's unlawful Policy whom YNHH argued were not its employees, because this claim under the ADA does not requiring a showing of employee status. *See* 42 U.S.C. § 12203(b) (making it "unlawful to coerce, intimidate, threaten, or interfere with any *individual*," not just any employee).

The Stipulation, which occurred at the end of Phase I discovery, resulted in an agreement that 115 practitioners subjected to the Policy would be considered employees of YNHH for purposes of this action,[2] *see* Dkt. 60-1 (Exhibit A), and that 54 practitioners would not. *See* Dkt. 60-2 (Exhibit B). As all claimants for whom the EEOC seeks relief in this action are considered "employees" pursuant to the Stipulation, this obviated the need to provide a specific remedy for non-employees, and rendered the relief that would be obtained by the interference claim duplicative. Thus, the instant motion, which is occasioned by the Stipulation, could not have happened in Phase I of the litigation. *See, e.g., Richards v. Groton Bd. of Educ.,* No. 3:14-CV-00709 (VLB), 2015 WL 4999803, at *2 (D. Conn. Aug. 21, 2015) (approving amendment to withdraw ADEA claim "just over a year after she filed her original Complaint and less than a month after the close of discovery in this case" where plaintiff explained that "it was only after 'conducting discovery on her age discrimination claims' that she determined that

---

[2] **The Stipulation also included as employees "any employees of Yale University or Northeast Medical Group subject to YNHH's Late Career Practitioner Policy."** *Id.*

she did not wish to devote additional resources to further litigate her ADEA claim."). Accordingly, this factor weighs in the EEOC's favor.

### B. *There is No Evidence of Bad Faith or Vexatiousness.*

"Vexatiousness implies a degree of ill will or improper motive." *Richards*, 2015 WL 4999803, at *3 (citing *Steward v. Womack Material Handling Sys., Inc.,* No. CV 06–1648, 2009 WL 4891808, at *4 (E.D.N.Y. Dec. 11, 2009)); *Paulino v. Taylor*, 320 F.R.D. 107, 110–11 (S.D.N.Y. 2017) ("Vexatiousness refers to instances in which 'the case was brought to harass the defendant,' or the plaintiff had 'ill-motive.'"). YNHH cannot argue in good faith that the EEOC's motion seeking to voluntarily dismiss its ADA Interference claim is motivated by bad faith, or that the EEOC's assertion of the ADA Interference claim at issue was "vexatious." To the contrary, the claim remains supported by both law and fact, but was rendered unnecessary given the parties' Stipulation. Accordingly, this factor weighs heavily in the EEOC's favor.

### C. *The Suit Has Not Progressed to the Point of Prejudice to Defendant.*

The dismissal of the EEOC's ADA Interference claim will not cause *any*, let alone *substantial* prejudice to Defendant. Rather than cause delay or the need for additional resources, the *dismissal* the EEOC seeks will require the expenditure of *fewer* resources, will focus the topics of discovery and expedite the parties' work toward resolution.

Under Rule 41, "[t]he standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation

7

has occurred." *Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.,* No. 12 CIV. 2237, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013); *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).

To date, the Parties have not scheduled or taken any depositions, have not disclosed or identified expert witnesses and dispositive motions are not due until October, 2021. The Court has not set a trial schedule or trial date and the parties are in the initial stages of Phase II liability discovery. Courts have granted dismissal without prejudice in cases where the litigation has progressed much further than in this case. *See, e.g., ACEquip, Ltd. v. Am. Eng'g Corp.,* 219 F.R.D. 44, 45–46 (D. Conn. 2003) (no prejudice where, although case had been pending for 2 years, defendant's expenses incurred in removing the case to federal court, monitoring the litigation, complying with court orders and participating in settlement negotiations was "not exorbitant."); *Richards*, 2015 WL 4999803, at *3 (case had not progressed to a point militating against permitting Plaintiff to withdraw her ADEA claim where, although discovery was completed, jury selection was not scheduled to take place for another year); *Stanley Works v. Alltrade, Inc.,* No. 3:02–cv–1468, 2004 WL 367619, at *3 (D. Conn. Feb. 23, 2004) (defendant permitted to voluntarily dismiss counterclaims although case was eighteen months old and plaintiff filed a motion for partial summary judgment).

Further, YNHH will suffer no legal prejudice from the dismissal. *See Paulino v. Taylor*, 320 F.R.D. 107, 111–12 (S.D.N.Y. 2017) (rejecting Defendants' argument that prejudice would result from dismissal since, upon plaintiff's refiling, they would lose a potential statutory affirmative defense and would be

exposed to attorney's fees without statutory limits); *ACEquip, Ltd.*, 219 F.R.D. at 45–46 (defendant's allegation that "Plaintiffs prefer keeping the threat of litigation over Defendant's head," did not justify dismissal with prejudice where explanation for dismissal saved the parties resources and was "adequate and credited").

### D. *There is No Risk of Duplicative Expense of Relitigation.*

The EEOC does not seek to refile this claim in another forum, and has no plan to reassert this claim in the present lawsuit, thus there is little chance that YNHH will incur duplicative litigation expenses. Should the need to reassert the ADA Interference claim arise (as unlikely as this is),[3] discovery related to the remaining ADA and ADEA claims substantially overlaps and would be necessary to the success of the ADA Interference claim, and thus could be "easily carried over" to any subsequent litigation of this claim. *Richards*, 2015 WL 4999803, at *4, *citing Steward v. Womack Material Handling Sys., Inc.*, No. CV 06-1648, 2009 WL 4891808, at *4 (E.D.N.Y. Dec. 11, 2009) (because "the fruits of the eighteen months of pretrial discovery can be easily carried over" to the subsequent proceeding, the threat of duplicative expense is lessened). Barring some unusual unforeseen circumstance which would negate the reasons for dismissing this claim in the first place, there will be no duplicative expense of relitigation in this case.

---

[3] The only circumstances in which the EEOC could foresee this occurring would be if the Court-ordered Stipulation was somehow invalidated, or in the event Defendant had failed to disclose all individuals subjected to the Policy, the EEOC later learned of the existence of such individuals, and such individuals were not covered by the existing Stipulation, *and* for whom Defendant refused to then stipulate to their employment status.

9

### E. The EEOC's Explanation is Adequate.

This factor also weighs in favor of the EEOC. Following the Parties' Stipulation, the EEOC reviewed its case and determined that it could be simplified without sacrificing the relief sought, thus conserving the resources of the parties and the Court. The EEOC's explanation for moving to amend to effectuate this dismissal is adequate. *See Catanzano v. Wing*, 277 F.3d 99, 110–11 (2d Cir. 2001) (reversing denial of dismissal without prejudice and noting that plaintiffs' explanation that "they have brought the motion in order to facilitate an end to the litigation but that they wish to avoid preclusive effects of the district court's ruling on this claim, is adequate.")

### III. CONCLUSION

For the reasons set forth above, the EEOC respectfully requests that the Court grant this Motion to Amend and permit the EEOC to file the Proposed Amended Complaint, attached hereto as Exhibit 1, which will effectuate the dismissal of the EEOC's ADA interference claim without prejudice.

Dated: May 26, 2021                    Respectfully submitted,

s/ Caitlin D. Brown
*Attorney for Plaintiff*
Trial Attorney
Bar No. phv11110
Tel: (929) 506-5277
caitlin.brown@eeoc.gov

Kirsten Peters
Trial Attorney
Tel: (929) 506-5325
kirsten.peters@eeoc.gov

**Kimberly A. Cruz**
**Supervisory Trial Attorney**
**Tel: (929) 506-5345**
**kimberly.cruz@eeoc.gov**

**U.S. Equal Employment Opportunity Commission**
**New York District Office**
**33 Whitehall Street, 5th Floor**
**New York, NY 10004**
**Fax: (212) 336-3623**

**Markus L. Penzel**
**Senior Trial Attorney**
**U.S. Equal Employment Opportunity Commission**
**John F. Kennedy Federal Building, Room 475**
**Boston, MA 02203**
**Tel: (617) 565-3193**
**Fax: (617) 565-3196**
**Markus.Penzel@eeoc.gov**