# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | **CIVIL ACTION NO. 3:20-cv-187-VLB** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **YALE NEW HAVEN HOSPITAL, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
EEOC'S PHASE II REQUEST FOR PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED INFORMATION**

Defendant YALE NEW HAVEN HOSPITAL, INC. ("YNHH"), by its attorneys and pursuant to 26 and 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff EEOC's Phase II Requests for Production of Documents and Electronically Stored Information, stating as follows:

**PRELIMINARY STATEMENT**

The following responses and objections are based only upon the facts, documents and information presently known and available to Defendant. Discovery, investigation, and analysis are ongoing and may reveal the existence of additional facts, information or documents, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additional, variations or changes to these responses, which are given without prejudice to Defendant's right to produce evidence of any subsequently-discovered facts, information, or documents. Defendant reserves its right to change any and all responses herein, as applicable, should additional facts be

ascertained, analyses be made, legal research be conducted, further allegations raised, or further discovery ordered. The answers below are made in good faith, but shall not prejudice Defendant in relation to further discovery, research, or analysis, as applicable. The fact that Defendant responded to all or part of any Request for Production is not intended as, and should not be construed as, a waiver of all or any part of any objection to any Request for Production made herein, nor an admission of any fact stated or assumed in the Request for Production.

Defendant submits these responses subject to:

a.      Any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or of any documents identified in response to the Requests for Production;

b.      The right to object to other discovery procedures involving or relating to the subject matter of the responses given and documents identified in response to the Requests for Production; and

c.      The right to revise, correct, supplement, or clarify any of the responses herein at any time, including at trial.

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's Requests for Production, including any Instructions and Definitions, to the extent that they seek documents that are subject to any privilege, immunity, or obligation of confidentiality, including, without limitation, the attorney-client privilege and the attorney work product doctrine, on the ground that any such request exceeds the permissible scope of

discovery under the Federal Rules of Civil Procedure. Defendant interprets and construes these Requests for Production as not encompassing any documents or information protected by the attorney-client, work product, or other applicable privilege or protection unless otherwise expressly stated. Any inadvertent identification or production of documents subject to such privilege or protection is not intended as a waiver of, and shall not waive, any such privilege or protection, and Defendant reserves the right to the return of all copies of any such document(s) inadvertently produced in response to the requests.

2.    Defendant objects to these Requests for Production, including any Instructions and Definitions, to the extent that they purport to impose demands beyond those imposed by the Federal Rules of Civil Procedure.

3.    Defendant reserves the right to supplement its answers as more information is discovered through its own internal investigation and through discovery.

4.    Defendant objects to these Requests for Production to the extent that the burden or expense of responding outweighs their likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the Requests for Production in resolving the issues.

5.    Defendant objects to the Requests for Production to the extent that they call for information or documents that do not exist within the possession, custody, or control of Defendant.  Defendant does not have possession, custody, or control of certain information and/or documents that may be placed at issue by

the EEOC's discovery requests with respect to Yale University ("Yale. U."), Yale University School of Medicine ("YSM"), Northeast Medical Group ("NMG"), and/or other separate entit(ies).

6.    Defendant objects to Plaintiff's Document Requests to the extent they seek a response on behalf of Yale U., YSM, NMG, or any other entity separate from Defendant.

7.    Defendant objects to the extent the Requests for Production seek information or documents, including electronically stored information ("ESI"), that is not reasonably accessible to Defendant because of undue burden or cost, and thus the Requests for Production are overly broad, unduly burdensome, oppressive and harassing. Such information or documents may include, but are not limited to, ESI in "slack space" or other unallocated space, legacy data, and information utilized only for purposes of disaster recovery. The burden and expense of accessing, reviewing, and responding to these Requests for Production with ESI not reasonably accessible to Defendant outweighs its possible relevance and is not likely to lead to the discovery of admissible evidence. In producing information and documents responsive to these Requests for Production, Defendant will conduct a reasonable search for responsive information and documents, which may include, but is not limited to, using electronic searches and/or sampling to identify responsive information and documents maintained by custodians most likely to possess responsive ESI.

8.    The response to each Request for Production shall not be interpreted to concede the truth of any factual assertion or implication contained

4

in the request. Defendant is providing these discovery responses without waiver or prejudice to its rights to later raise objections to relevance, materiality, privilege, or admissibility of any document produced in this responses.

9.      Defendant objects to the production of confidential or proprietary business or financial information and trade secrets unless the relevance of such material outweighs Defendant's interest in keeping such matters confidential. Defendant further objects to production of any documents containing confidential or proprietary business or financial information until after entry of an appropriate protective order governing the use and disposition of such information and material.

10.     Defendant objects to the EEOC's Requests to the extent they seek documents or information unrelated to the topics to be litigated in Phase II of this case, as set forth in the parties' Joint Revised Rule 26(f) Report (Doc. 36).

11.     Defendant objects to the EEOC's definition of the "relevant time period" in the Requests as "the period of time from when the 'Late Career Practitioner Policy' was adopted to the present."  With respect to the ADA claims in this case, the relevant time period is limited to January 17, 2018 to the present.

12.     Each and every response is made subject to the foregoing General Objections, regardless of whether a general or specific objection is stated in the answer to a particular request, and Defendant does not waive any General Objections not referred to in a particular answer.

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

Each of the above General Objections applies to and is hereby incorporated by reference in each response to each of the following specific Requests for Production. Subject to the foregoing reservations and objections, and without waiver thereof, Defendant further responds to Plaintiff EEOC's Phase II Requests for Production of Documents and Electronically Stored Information as follows:

**REQUEST NO. 1:**   Documents containing, relating, or referring to facts that form the basis of Defendant's Defenses and/or Affirmatives Defenses.

**RESPONSE:**

Defendant objects to Request No. 1 to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  *See* 12.23.2020 Order (Doc. 57) ("contention" discovery requests constitute requests for attorney work product to which the other party is not entitled).  Defendant also objects to Request No. 1 because it is overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the YNHH Medical Staff Late Career Practitioner Policy (the "Policy") is unlawful under the ADEA and/or ADA. Defendant further objects to Request No. 1 as overly broad not proportionate to the needs of the case as it does not describe with reasonable particularity the documents being sought.  In addition, Defendant objects to Request No. 1 as

cumulative and duplicative to the rest of the Requests herein.  Furthermore, Defendant objects to Request No. 1 on the grounds that it requires Defendant to marshal all of its evidence prematurely and prior to the close of Phase II discovery.

Defendant is withholding responsive documents based on the foregoing objections as well as its objections to the subsequent requests.

**REQUEST NO. 2:**   Documents and communications concerning the adoption of the Late Career Practitioner Policy.

**RESPONSE:**

Defendant objects to Request No. 2 to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant also objects to Request No. 2 as is overly broad and not proportionate to the needs of the case to the extent it does not describe with reasonable particularity the documents being sought. Defendant further objects to Request No. 2 as overly broad and unduly burdensome to the extent it seeks material that is neither relevant nor proportional to the needs of this case, as it seeks all documents and communications (without limitation to custodian(s), sender(s), recipient(s), date(s), or relevance to the key issues in Phase II) "concerning" the adoption of the Policy.  Defendant further objects to Request No. 2 as vague to the extent the term "adoption" is vague and undefined.  Defendant further objects to Request No. 2 to the extent Plaintiff has equal access to the material sought.

Subject to and without waiving its objections, Defendant refers Plaintiff to the relevant material produced by Defendant to the EEOC during the investigation stage of this litigation, produced at EEOC_000018-35, 000061-78, 000537-665, 000705-768, 000799-803.  *See also* YNHH 000720-788, 000817-825, and 000835-851.

Defendant is withholding responsive documents based on the foregoing objections.

<u>REQUEST NO. 3</u>:   Documents and communications concerning the implementation and application of the Late Career Practitioner Policy.

<u>RESPONSE</u>:

Defendant objects to Request No. 3 to the extent that it seeks documents protected by the attorney-client privilege and/or the work-product doctrine. Defendant also objects to Request No. 3 as is overly broad and not proportionate to the needs of the case to the extent it does not describe with reasonable particularity the documents being sought.  Defendant further objects to Request No. 3 as overly broad and unduly burdensome to the extent it seeks material that is neither relevant nor proportional to the needs of this case, as it seeks all documents and communications (without limitation to custodian(s), sender(s), recipient(s), date(s), or relevance to the key issues in Phase II) "concerning" the implementation and application of the Policy.  Defendant further objects to Request No. 3 as vague to the extent the phrase "implementation and application" is vague and undefined.  Defendant further objects to Request No. 3 to the extent it seeks material protected by the peer review privilege and/or

8

material unrelated to the Affected Individuals, as defined in these Requests.
Defendant further objects to Request No. 3 to the extent it seeks material already
in Plaintiff's possession.  Defendant further objects to Request No. 3 to the extent
Plaintiff has equal access to the material sought.

Subject to and without waiving its objections, Defendant refers Plaintiff to
the relevant material produced by Defendant to the EEOC during the investigation
stage of this litigation, produced at EEOC_000018-35, 000061-78, 000528-533,
000537-702, 000705-768, 000791-795.  Defendant further refers Plaintiff to the
Policy and related documents produced at EEOC_000428-438, the YNHH Medical
Staff Bylaws produced at YNHH 000068-180, 000614-719, and the Excel
spreadsheet to be produced in response to Plaintiff's Phase II Interrogatory No. 9
(YNHH 000903).  *See also* YNHH 000720-788, 000817-825, and 000835-851.

Defendant is withholding responsive documents based on the foregoing
objections.

**REQUEST NO. 4:**   Documents and communications concerning the efficacy, or
lack thereof, of the Late Career Practitioner Policy, including, but not limited to,
any reviews or studies of the Late Career Practitioner Policy.

**RESPONSE:**

Defendant objects to Request No. 4 to the extent that it seeks documents
protected by the attorney-client privilege and/or the work-product doctrine.
Defendant also objects to Request No. 4 as is overly broad and not proportionate
to the needs of the case to the extent it does not describe with reasonable

particularity the documents being sought.  Defendant further objects to Request

No. 3 as overly broad and unduly burdensome to the extent it seeks material that

is neither relevant nor proportional to the needs of this case, as it seeks all

documents and communications (without limitation to custodian(s), sender(s),

recipient(s), date(s), or relevance to the key issues in Phase II) "concerning" the

efficacy of the Policy.  Defendant further objects to Request No. 4 to the extent it

seeks material protected by the peer review privilege and/or material unrelated to

the Affected Individuals, as defined in these Requests.

Subject to and without waiving its objections, Defendant refers Plaintiff to

the relevant material produced by Defendant to the EEOC during the investigation

stage of this litigation, produced at EEOC_000537-665.

Defendant is withholding responsive documents based on the foregoing

objections.


**REQUEST NO. 5:**   Any studies that validated, with respect to medical

practitioners' performance and/or prevalence of medical errors, the Late Career

Practitioner Policy. Your response should include, but not be limited to, any

assessments of the Policy's job-relatedness and business necessity, including

any raw data, results, or output from analyses, and statistical software

commands or computer code used to conduct any such analyses.

**RESPONSE:**

Defendant objects to Request No. 5 to the extent that it seeks documents

protected by the attorney-client privilege and/or the work-product doctrine.

**Defendant further objects to Request No. 5 to the extent it seeks material protected by the peer review privilege and/or material unrelated to the Affected Individuals, as defined in these Requests.  Defendant further objects to Request No. 5 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought.  Defendant further objects to Request No. 5 as vague to the extent the term "validated" is vague and undefined.  Defendant further objects to Request No. 5 to the extent it is duplicative of Request No. 4.**

**Subject to and without waiving its objections, Defendant refers Plaintiff to the relevant material produced by Defendant to the EEOC during the investigation stage of this litigation, produced at EEOC_000537-665.**

**Defendant is withholding responsive documents based on the foregoing objections.**

**REQUEST NO. 6:   The test battery(ies) used to implement the Late Career Practitioner Policy, including, but not limited to, any alterations to the battery of tests employed over time.**

**RESPONSE:**

**Defendant objects to Request No. 6 to the extent it seeks material protected by the peer review privilege.  Defendant further objects to Request No. 6 as vague to the extent the phrases "test battery(ies)" and "battery of tests" are vague and undefined.**

Subject to and without waiving its objections, Defendant refers Plaintiff to the Policy and related documents produced at EEOC_000428-438, and the relevant material produced by Defendant to the EEOC during the investigation stage of this litigation, produced at EEOC_000537-665, 000799-803.

Defendant is withholding responsive documents based on the foregoing objections.


**REQUEST NO. 7:**   The "statistical data and studies available to Defendant, as well as is available to other hospitals, along with peer feedback, establishing the higher potential for deterioration of physical and visual abilities of the relevant age group" referred to by Defendant in paragraph 21 of its Answer (ECF 24).

   **RESPONSE:**

Defendant objects to Request No. 7 to the extent it seeks material protected by the peer review privilege.  Defendant further objects to Request No. 7 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought. Defendant further objects to Request No. 7 to the extent the EEOC has equal access to the information it seeks (including publicly available data and studies).

Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's relevant submissions to the EEOC during the investigation stage of this case, produced at EEOC_000018-35, 000061-78, 000528-533, 000537-702, 000705-768, 000791-795.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 8:**   Documents supporting Defendant's claim in paragraph 29 of its Answer (ECF 24) that the ophthalmologic and neuropsychological exams administered in connection with the Late Career Practitioner Policy are job-related and consistent with business necessity.

**RESPONSE:**   Defendant objects to Request No. 8 to the extent it calls for a legal conclusion and seeks discovery into the mental impressions of counsel and material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  *See* 12.23.2020 Order (Doc. 57) ("contention" discovery requests constitute requests for attorney work product to which the other party is not entitled).  Defendant further objects to Request No. 8 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought.  Furthermore, Defendant objects to Request No. 8 on the grounds that it requires Defendant to marshal all of its evidence prematurely and prior to the close of discovery.

Subject to and without waiving its objections, Defendant generally refers the EEOC to documents to be produced in response to these Requests, and states that, where practical, it will supplement this Response to identify by Bates number, or where not practical, by category or description, the documents produced responsive to this Request.

**Defendant is withholding responsive documents based on the foregoing objections.**

**REQUEST NO. 9:   Any copies of "late career" practitioner evaluation policies, as referenced on page 3 of the letter dated January 6, 2019, from Attorney Susan Wright to EEOC (*see* EEOC_0000020).**

    **RESPONSE:**

    **Defendant objects to Request No. 9 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought.  Defendant further objects to Request No. 9 to the extent it seeks material that does not exist within the possession, custody, or control of Defendant, and/or the EEOC has equal if not better access to the material sought (*e.g.*, late career practitioner policies maintained by other hospitals).  *See* 12.23.2020 Order (Doc. 57) (denying authorization for discovery requests where the other party has equal access to information sought).**

    **Subject to and without waiving its objections, *see* YNHH 000815-16, 000826-834, 000852-874.**

    **Defendant is withholding responsive documents based on the foregoing objections.**

**REQUEST NO. 10:  Documents concerning all "negative comments" referenced at EEOC_0000721.**

    **RESPONSE:**

Defendant objects to Request No. 10 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 10 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought.

Subject to and without waiving its objections, *see* YNHH 000817-825.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 11:** Any documents concerning the "open forum" referenced at EEOC_0000721. This request also includes any documents concerning any other similar forums in which the Late Career Practitioner Policy was discussed.

**RESPONSE:**

Defendant objects to Request No. 11 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 11 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought. Defendant further objects to Request No. 11 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving its objections, Defendant refers Plaintiff to the Final Report of the Late Career Practitioner Committee of the Medical Staff of Yale New Haven Hospital, produced to the EEOC during the investigation stage of

this litigation, that describes the open forum held for Medical Staff regarding the Policy on September 18, 2014 (*see* EEOC_0000758).  *See also* YNHH 000817-825, 835-851.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 12:** For those individuals assessed as "Deficient" or "Fail" pursuant to the Late Career Practitioner Policy, all studies, reviews, and/or assessments that investigated whether the practitioner had committed medical errors as a result of his or her deficiencies or failings.

**RESPONSE:**

Defendant objects to Request No. 12 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 12 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought. Defendant also objects to Request No. 12 as vague to the extent the term "assessments" is vague and undefined.  Defendant further objects to Request No. 12 to the extent it seeks material identifying individuals other than the Affected Individuals in this case, as defined by these Requests.  Defendant further objects to Request No. 12 to the extent it seeks confidential patient records, including personal health information ("PHI").

16

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 13:** To the extent not already requested or produced, documents relating to any examination, study, or investigation conducted into whether a correlation exists between practitioner age and medical errors at YNHH or elsewhere.

**RESPONSE:**

Defendant objects to Request No. 13 to the extent that it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant also objects to Request No. 13 because it is overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.  Defendant further objects to Request No. 13 as overly broad not proportionate to the needs of the case as it does not describe with reasonable particularity the documents being sought.  In addition, Defendant objects to Request No. 13 as cumulative and duplicative to the previous Requests herein.

Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's relevant submissions to the EEOC during the investigation stage of this case, produced at EEOC_000018-35, 000061-78, 000528-533, 000537-702, 000705-768, 000791-795.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 14:** Data sufficient to show the number of medical errors made on a monthly basis and the age of the medical practitioner(s) responsible for the error at the time the error was made from 2010 through the present.

**RESPONSE:**

Defendant objects to Request No. 14 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege. Defendant further objects to Request No. 14 as overly broad and not proportionate to the needs of the case to the extent it seeks documents not relevant to the issues in this case, fails to describe with reasonable particularity the documents being sought, and to the extent it seeks documents and/or data dating back to 2010, well outside the relevant time period in this case. Defendant also objects to Request No. 14 as vague to the extent the phrase "medical errors" is vague and undefined. Defendant further objects to Request No. 14 to the extent it seeks material identifying individuals other than the Affected Individuals in this case, as defined by these Requests. Defendant further objects to Request No. 14 to the extent it seeks confidential patient records, including PHI.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 15:** **Documents sufficient to identify the number of legal proceedings involving medical practitioners with privileges at YNHH arising from alleged medical error from 2010 through the present.**

    **RESPONSE:**

    **Defendant objects to Request No. 15 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege. Defendant further objects to Request No. 15 as overly broad and not proportionate to the needs of the case to the extent it seeks documents not relevant to the issues in this case, fails to describe with reasonable particularity the documents being sought, and to the extent it seeks documents dating back to 2010, well outside the relevant time period in this case. Defendant also objects to Request No. 15 as vague to the extent the phrase "medical error" is vague and undefined. Defendant further objects to Request No. 15 to the extent it seeks material identifying individuals other than the Affected Individuals in this case, as defined by these Requests. Defendant further objects to Request No. 15 to the extent it seeks confidential patient records, including PHI.**

    **Defendant is withholding responsive documents based on the foregoing objections.**

**REQUEST NO. 16:** **For each Affected Individual, all documents and communications concerning the application of the Late Career Practitioner Policy to him or her, including, but not limited to, notifications of the application of the**

Policy to the individual (*see, e.g.*, the letter to Dr. Irwin Nash dated 3/2/18, at EEOC_0000366), scheduling of the neuropsychological testing, the individual's test results, the effects of the test results on the individual's practice of medicine at YNHH, and whether there was a change to the individual's privileges at YNHH after the Policy was applied.

**RESPONSE:**

Defendant objects to Request No. 16 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 16 as overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.  Defendant also objects to Request No. 16 to the extent the EEOC has equal if not better access to the information sought (communications to and from the Affected Individuals regarding the application of the Policy).  *See* 12.23.2020 Order (Doc. 57) (denying authorization for discovery requests where the other party has equal access to information sought).  Defendant also objects to Request No. 16 as vague to the extent the phrase "concerning the application of the [Policy]" is vague and undefined.

Subject to and without waiving these objections, Defendant will produce an Excel spreadsheet listing each Affected Individual, the date(s) each took a neuropsychological examination pursuant to the Policy, and descriptions of the results and the change(s) (if any) to the Affected Individuals' YNHH Medical Staff

privileges, at the same level of detail as provided in EEOC_0000704 (*see* Defendant's Objections and Answers to Plaintiff's Phase II Interrogatories at No. 9 (YNHH 000903)); *see also* YNHH 000720-788.[1]

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 17:** Where a practitioner's neuropsychological testing "raised concerns about that individual's ability to continue to practice medicine with reasonable skill and safety," all documents relating to any "review[s] by the four members of the Late Career Practitioner Committee," and all documents and communications between the Chief Medical Officer and the practitioner's colleagues or department leadership that sought "to gain a fuller understanding of the extent to which the individual's limitations may or may not have an impact on her or his current clinical practice." (*See* EEOC_0000542).

**RESPONSE:**

Defendant objects to Request No. 17 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 17 as overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or

---

[1] Discussion of the testing, results, and/or application of the Policy related to any practitioner <u>not</u> identified as an "Affected Individual" as defined in these Requests has been redacted (in black) from the Late Career Practitioner Committee meeting minutes produced in response to these Requests.

ADA.  Defendant further objects to Request No. 17 to the extent it seeks material regarding individuals other than the Affected Individuals in this case, as defined by these Requests.  Defendant further objects to Request No. 17 to the extent it seeks confidential patient records, including PHI.

Subject to and without waiving its objections, *see* YNHH 000720-788.

Defendant is withholding responsive documents based on the foregoing objections.


**REQUEST NO. 18:** All "reviews" performed regarding those practitioners whose "scores … [on the neuropsychological testing] raise[d] concerns about their ability to practice medicine with reasonable skill and safety …." (*See* EEOC_0000543).

**RESPONSE:**

Defendant objects to Request No. 18 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 18 as overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.  Defendant further objects to Request No. 18 to the extent it seeks material regarding individuals other than the Affected Individuals in this case, as defined by these Requests.  Defendant further objects to Request No. 18 to the extent it seeks confidential patient records, including PHI.

Subject to and without waiving its objections, *see* YNHH 000720-788.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 19:** Documents concerning and supporting this statement: "It is noteworthy that our Institutional Practice Quality and Peer Review Committee (IPQPRC) has had to address at least two (2) significant untoward events in patients that occurred under the care of practitioners with age related limitations. The IPQPRC is also in support of efforts to implement a policy that will proactively screen late career practitioners." (*See* EEOC_0000722). Your response should also include documents relating to patient harm that you contend contributed to the YNHH's adoption of the Policy and documents evidencing facts to demonstrate any "age related limitations."

**RESPONSE:**

Defendant objects to Request No. 19 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege or immunity. Defendant further objects to Request No. 19 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with particularity the documents sought. Defendant further objects to Request No. 19 as vague to the extent the phrase "relating to patient harm" is overly broad, vague, and undefined. Defendant further objects to Request No. 19 to the extent it seeks material identifying practitioners other than the Affected Individuals in this case, as defined by these Requests. Defendant

23

further objects to Request No. 19 to the extent it seeks confidential patient records, including PHI.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 20:** For the period beginning with the date of the first "untoward event" referenced above, all documents generated by the IPQPRC relating to incidents of patient harm attributed to medical staff practitioners under age 70, including, but not limited to, documents concerning any discipline or diminishment of hospital privileges as a result.

**RESPONSE:**

Defendant objects to Request No. 20 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege or immunity.  Defendant further objects to Request No. 20 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with particularity the documents sought.  Defendant further objects to Request No. 20 as vague to the extent the phrase "relating to incidents of patient harm" is overly broad, vague, and undefined.  Defendant further objects to Request No. 20 to the extent it seeks material identifying practitioners other than the Affected Individuals in this case, as defined by these Requests.  Defendant further objects to Request No. 20 to the extent it seeks confidential patient records, including PHI.

**Defendant is withholding responsive documents based on the foregoing objections.**

**REQUEST NO. 21:** **Documents concerning the application of the Late Career Practitioner Policy to anyone "for cause," the reason for its application, and the result of the application.**

 **RESPONSE:**

**Defendant objects to Request No. 21 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege or immunity.  Defendant further objects to Request No. 21 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with particularity the documents sought.  Defendant further objects to Request No. 21 as vague to the extent the phrase "concerning the application of the [Policy]" is vague and undefined.**

**Subject to and without waiving these objections, *see* Defendant's Objections and Answers to Plaintiff's Phase II Interrogatories at No. 10.**

**Defendant is withholding responsive documents based on the foregoing objections.**

**REQUEST NO. 22:** **Documents supporting or relating to the statements and claims in paragraph 16 of Defendant's Answer (ECF 24) "that physicians and other practitioners with medical staff privileges must undergo an appropriate reappointment process, including a thorough evaluation of skills and**

competence, established and administered by the Executive Committee of the Medical Staff and the Medical Peer Review Credentialing Committee, an independently organized body of physicians. Further admitted that during this process consideration is given to each individual's ability to exercise the privileges requested in the hospital setting with reasonable skill and safety. It is further admitted that privileges are granted following a peer review process involving the Medical Staff leadership, Credentialing committee, and Executive Committee of the Medical Staff. It is also admitted that the YNHH Board of Trustees acts upon the recommendations of the medical staff to approve appointments and privileges."

**RESPONSE:**

Defendant objects to Request No. 22 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege or immunity. Defendant further objects to Request No. 22 as seeking protected attorney work product in the form of the mental impressions of counsel. Defendant further objects to Request No. 22 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with particularity the documents sought. Defendant further objects to Request No. 22 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving these objections, Defendant refers Plaintiff to the Policy and related documents produced at EEOC_000428-438 and the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 23:** Documents concerning the statement in paragraph 17 of Defendant's Answer (ECF 24) that "the process is intended to, and sometimes does, reveal indicators of the need for additional processes."

    **RESPONSE:**

Defendant objects to Request No. 23 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege or immunity.  Defendant further objects to Request No. 23 as seeking protected attorney work product in the form of the mental impressions of counsel.  Defendant further objects to Request No. 23 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with particularity the documents sought.  Defendant further objects to Request No. 23 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving these objections, Defendant refers Plaintiff to the Policy and related documents produced at EEOC_000428-438 and the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 24:** Policies, guidelines, and protocols governing the "peer feedback" referred to in paragraph 21 of Defendant's Answer (ECF 24).

**RESPONSE:**

Defendant objects to Request No. 24 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege or immunity. Defendant further objects to Request No. 24 as seeking protected attorney work product in the form of the mental impressions of counsel. Defendant further objects to Request No. 24 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought. Defendant further objects to Request No. 24 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving its objections, Defendant refers Plaintiff to the Policy and related documents produced at EEOC_000428-438, and the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 25:** Documents concerning the application of YNHH's "Focused Professional Practice Evaluation" policy, including, but not limited to, documents triggering the application of the policy and the outcome of the application of the policy in each instance.

**RESPONSE:**

Defendant objects to Request No. 25 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 25 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought, and/or to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.  Defendant further objects to Request No. 25 as vague to the extent the phrase "concerning the application of" is overly broad, vague, and undefined.  Defendant further objects to Request No. 25 to the extent it seeks material identifying practitioners other than the Affected Individuals in this case, as defined by these Requests.  Defendant further objects to Request No. 25 to the extent it seeks confidential patient records, including PHI.  Defendant further objects to Request No. 25 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving its objections, Defendant refers Plaintiff to the "Focused Professional Practice Evaluation" policy and related documents produced at YNHH 000605-000609, and the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 26:** All documents that contain policies or procedures used, intended, or designed to identify, minimize, and/or eliminate medical errors by members of the YNHH Medical Staff.

**RESPONSE:**

Defendant objects to Request No. 26 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege. Defendant further objects to Request No. 26 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought, and/or to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA. Defendant further objects to Request No. 26 as vague to the extent the phrase "medical errors" is overly broad, vague, and undefined. Defendant further objects to Request No. 25 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving these objections, Defendant further refers Plaintiff to the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719, the YNHH Medical Staff policies and procedures produced at YNHH 000053-67, 000325-333, 000599-612, and the Policy and related documents produced at EEOC_000428-438.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 27:** **Documents concerning any consortium or association in which YNHH participates in order to identify and correct problem behaviors by members of its Medical Staff, including, but not limited to, the Patient Advocacy Reporting System (PARS) developed by Vanderbilt University Medical Center.**

**RESPONSE:**

Defendant objects to Request No. 27 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought, and/or to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA. Defendant further objects to Request No. 27 as vague to the extent the phrase "correct problem behaviors" is overly broad, vague, and undefined.

Subject to and without waiving its objections, Defendant states there are no documents responsive to this request.

**REQUEST NO. 28:** **All YNHH Department Policies on "Faculty Competence." (*See, e.g.*, EEOC_0000131).**

**RESPONSE:**

Defendant objects to Request No. 28 because it is overly broad and not proportionate to the needs of the case to the extent it fails to describe with reasonable particularity the documents being sought, and/or to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or

ADA.  Defendant further objects to Request No. 28 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving its objections, Defendant refers Plaintiff to the "Focused Professional Practice Evaluation" policy and related documents produced at YNHH 000605-609, the "Routine and Ongoing Professional Practice Evaluation" policy produced at YNHH 000325-333, and the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719.

Defendant is withholding responsive documents based on the foregoing objections.

REQUEST NO. 29: All "Personnel Files" of Affected Individuals.

RESPONSE:

Defendant objects to Request No. 28 because it is overly broad and not proportionate as the Affected Individuals' personnel files, to the extent one is maintained by YNHH, are outside the scope of and not relevant to the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.

Defendant is withholding responsive documents based on the foregoing objections.

REQUEST NO. 30: All documents concerning each Affected Individual's application for privileges at YNHH during the relevant time period, including, but not limited to, the application itself (*see*, *e.g.*, the application of Dr. Irwin Nash, beginning at EEOC_0000117) and any action taken on it.

**RESPONSE:**

Defendant objects to Request No. 30 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 30 as overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.  Defendant also objects to Request No. 30 as vague to the extent the phrase "concerning each Affected Individual's application for privileges" is overly broad, vague and undefined.  Defendant further objects to Request No. 30 to the extent it is duplicative and cumulative to Request Nos. 3, 16, and 21.

Subject to and without waiving these objections, Defendant refers Plaintiff to the template appointment and reappointment letters produced at YNHH 000611-613.  *See also* YNHH 000720-788, 000789-814, 000875-902; Defendant's Objections and Answers to Plaintiff's Phase II Interrogatories at No. 9 (YNHH 000903).

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 31:** All documents concerning the manner and means of reviewing the performance of each Affected Individual during the relevant time period, including, but not limited to, the assignment of supervisors or any oversight,

review, correction, and/or management of work performed by each Affected Individual at YNHH.

**RESPONSE:**

Defendant objects to Request No. 31 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege. Defendant further objects to Request No. 31 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with particularity the documents sought, and/or seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA. Defendant further objects to Request No. 31 to the extent it seeks information that is not suited to request for production of documents and is more properly the subject of a Rule 30(b)(6) deposition. Defendant further objects to Request No. 31 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving these objections, Defendant further refers Plaintiff to the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719, and the YNHH Medical Staff policies and procedures produced at YNHH 000053-67, 000325-333, 000599-612.

Defendant is withholding responsive documents based on the foregoing objections.


**REQUEST NO. 32:** All documents concerning YNHH programs that any Affected Individual is required to participate in, including, but not limited to, those

pertaining to quality assurance, medical audit, risk management, utilization review, safety, infection control, peer review, and other compliance programs.

**RESPONSE:**

Defendant objects to Request No. 32 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 32 as overly broad and not proportionate to the needs of the case to the extent it seeks "all documents" concerning a wide range of programs and issues, fails to describe with particularity the documents sought, and seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.  Defendant further objects to Request No. 32 to the extent it seeks information that is not suited to request for production of documents and is more properly the subject of a Rule 30(b)(6) deposition.  Defendant further objects to Request No. 32 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving these objections, Defendant refers Plaintiff to the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 33:** Any policies, guidelines, and/or protocols regarding the receipt and processing of complaints concerning medical providers to whom YNHH has granted privileges.

Defendant objects to Request No. 33 as overly broad and not proportionate to the needs of the case to the extent it fails to describe with particularity the documents sought, and/or seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA.  Defendant further objects to Request No. 33 to the extent it seeks material already in the possession of the EEOC.

Subject to and without waiving these objections, Defendant further refers Plaintiff to the YNHH Medical Staff Bylaws produced at YNHH 000068-180, 000614-719.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 34:**  All records, notes, correspondence, or memoranda made by or prepared by any expert who may be called by Defendant as a witness at trial.

**RESPONSE:**

Defendant objects to Request No. 34 as premature to the extent it asks for premature disclosure of trial witnesses.  Defendant will make expert disclosures in accordance with the requirements of Fed. R. Civ. P. 26.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 35:**  All documents prepared by or for any expert who may be called as a witness by Defendant at trial in order to refresh the expert's

recollection while testifying, to summarize the expert's knowledge or opinion, or to otherwise assist the expert in any way in testifying at trial or in deposition.

**RESPONSE:**

Defendant objects to Request No. 35 as premature to the extent it asks for premature disclosure of trial witnesses.  Defendant will make expert disclosures in accordance with the requirements of Fed. R. Civ. P. 26.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 36:** All contracts or other written agreements or understandings entered into by and between Defendant and any expert who may be called as a witness at trial.

**RESPONSE:**

Defendant objects to Request No. 36 as premature to the extent it asks for premature disclosure of trial witnesses.  Defendant will make expert disclosures in accordance with the requirements of Fed. R. Civ. P. 26.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 37:** A current resume, a current curriculum vitae, or other similar document describing the education, training, work history, and experience of each expert who may be called by the Defendant as a witness at trial.

**RESPONSE:**

Defendant objects to Request No. 37 as premature to the extent it asks for premature disclosure of trial witnesses.  Defendant will make expert disclosures in accordance with the requirements of Fed. R. Civ. P. 26.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 38:** To the extent not already produced in response to the foregoing requests, produce documents concerning the allegations or defenses in this matter, whether or not you intend to use them at trial.

**RESPONSE:**

Defendant objects to Request No. 38 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  *See* 12.23.2020 Order (Doc.57) ("contention" discovery requests constitute requests for attorney work product to which the other party is not entitled).  Defendant further objects to Request No. 38 as seeking protected attorney work product in the form of the mental impressions of counsel.  Defendant also objects to Request No. 38 because it is overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA. Defendant further objects to Request No. 38 as overly broad not proportionate to the needs of the case as it does not describe with reasonable particularity the documents being sought.  In addition, Defendant objects to Request No. 38 as

cumulative and duplicative to the rest of the Requests herein.  Furthermore, Defendant objects to Request No. 38 on the grounds that it requires Defendant to marshal all of its evidence prematurely and prior to the close of Phase II discovery.

Subject to and without waiving its objections, Defendant refers the EEOC to documents referenced and produced in response to the Requests herein.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 39:**  To the extent not already produced in response to the foregoing requests, produce all documents which support or otherwise relate to any of your responses to interrogatories or requests for admission propounded, thus far or hereafter, by the EEOC in this matter.

**RESPONSE:**

Defendant objects to Request No. 39 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  *See* 12.23.2020 Order (Doc. 57) ("contention" discovery requests constitute requests for attorney work product to which the other party is not entitled).  Defendant further objects to Request No. 38 as seeking protected attorney work product in the form of the mental impressions of counsel.  Defendant also objects to Request No. 39 because it is overly broad and not proportionate to the needs of the case to the extent it seeks documents that are not relevant to and outside the scope of the issues to be

litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA. Defendant further objects to Request No. 39 as overly broad not proportionate to the needs of the case as it does not describe with reasonable particularity the documents being sought.  In addition, Defendant objects to Request No. 39 as cumulative and duplicative to the rest of the Requests herein.  Furthermore, Defendant objects to Request No. 39 on the grounds that it requires Defendant to marshal all of its evidence prematurely and prior to the close of Phase II discovery.

Subject to and without waiving its objections, Defendant refers the EEOC to documents referenced and produced in response to the Requests herein.

Defendant is withholding responsive documents based on the foregoing objections.

**REQUEST NO. 40:** **To the extent not already produced in response to the foregoing requests, produce all documents that could be identified or described as Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).**

**RESPONSE:**

Defendant objects to Request No. 40 to the extent it seeks material protected by the attorney-client privilege and/or work product doctrine, the peer review privilege, or any other privilege.  Defendant further objects to Request No. 38 as seeking protected attorney work product in the form of the mental impressions of counsel.  Defendant also objects to Request No. 40 because it is overly broad and not proportionate to the needs of the case to the extent it seeks

documents that are not relevant to and outside the scope of the issues to be litigated in Phase II, whether the Policy is unlawful under the ADEA and/or ADA. Defendant further objects to Request No. 40 as overly broad not proportionate to the needs of the case as it does not describe with reasonable particularity the documents being sought.  In addition, Defendant objects to Request No. 40 as cumulative and duplicative to the rest of the Requests herein.  Furthermore, Defendant objects to Request No. 40 on the grounds that it requires Defendant to marshal all of its evidence prematurely and prior to the close of Phase II discovery.

Subject to and without waiving its objections, Defendant refers the EEOC to documents referenced and produced in response to the Requests herein.

Defendant is withholding responsive documents based on the foregoing objections.


DATED: March 15, 2021                Respectfully submitted,
                                     YALE NEW HAVEN HOSPITAL, INC.


                                     By:    */s/ Christopher J. DeGroff*_____
                                            Christopher J. DeGroff

                                     Christopher J. DeGroff
                                     cdegroff@seyfarth.com, admitted *pro hac vice*
                                     Shana Madigan, admitted *pro hac vice*
                                     smadigan@seyfarth.com

                                     SEYFARTH SHAW LLP
                                     233 South Wacker Drive. Suite 8000
                                     Chicago, IL 60606
                                     Telephone:  (312) 460-5000
                                     Facsimile:   (312) 460-7000


41

Mary A. Gambardella (ct05386)
mgambardella@wiggin.com
Joshua J. Wyatt (ct28916)
jwyatt@wiggin.com
WIGGIN AND DANA LLP
One Century Tower
265 Church Street, 18th Floor
New Haven, Connecticut 06508
Tel:  (203) 498-4328
Fax:  (203) 789-2889


*Attorneys for Defendant*
*Yale New Haven Hospital, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2021, I served a true and correct copy of

the foregoing DEFENDANT'S OBJECTIONS AND RESPONSES TO EEOC'S PHASE

II REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY

STORED INFORMATION to be served upon the following via email:

> Markus L. Penzel
> Kimberly Cruz
> Kirsten Peters
> Equal Employment Opportunity Commission
> John F. Kennedy Federal Building
> Room 475
> Boston, MA 02203-0506
> T: (617) 565-3193
> F: (617) 565-3196
> markus.penzel@eeoc.gov
> kimberly.cruz@eeoc.gov
> Kirsten.peters@eeoc.gov

> *Attorneys for Plaintiff*

By: Shana Madigan
Shana Madigan