## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) Civil Action No. 3:20-cv-187 (SALM) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YALE NEW HAVEN HOSPITAL, INC. | ) ) |
| Defendant. | ) December 1, 2021 ) ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant, Yale New Haven Hospital, Inc. ("Defendant" or "YNHH"), by and through its undersigned counsel, respectfully submits its answer and affirmative defenses to the First Amended Complaint filed by the Equal Employment Opportunity Commission ("Plaintiff" or "EEOC").

## NATURE OF THE ACTION

The first unnumbered paragraph of Plaintiff's First Amended Complaint consists of a characterization of claims, to which no response is required. Defendant denies the factual allegations set forth in said Paragraph as drafted, as well as any inference the relief requested is warranted.

## JURISDICTION AND VENUE

1.  Defendant admits that, based on the claims raised, jurisdiction is proper in this Court.

2.  Defendant admits that, based on the claims raised, venue is proper in this Court.

## PARTIES

3. Admitted, except Defendant denies that Plaintiff is "authorized" to bring this action to the extent this term is used to allege the claims raised are warranted.

4. Defendant admits the allegation in Paragraph 4 of the First Amended Complaint that Yale New Haven Hospital, Inc. is a private, not-for-profit acute care hospital with two campuses in New Haven, Connecticut, and that YNHH is used as a teaching hospital. The Defendant denies that YNHH or the Hospital are a "part of Yale University." Yale University is an entirely separate entity.

5. Admitted.

6. Admitted.

7. Admitted.

## ADMINISTRATIVE PROCEDURES

8. Admitted.

9. Defendant admits that the Plaintiff issued a Letter of Determination on August 15, 2019 but denies that reasonable cause existed to believe that the Age Discrimination in Employment Act of 1967 ("ADEA") or the Americans with Disabilities Act of 1990 ("ADA") were violated with respect to Dr. Nash or any other purportedly aggrieved individuals (unnamed in the Letter of Determination).

10. Defendant admits the allegations in Paragraph 10 that the EEOC engaged in communications with YNHH purporting to seek a remedy to the practices set forth in the Letter of Determination. Defendant denies that the EEOC afforded YNHH with the information necessary to properly evaluate the remedies proposed by the EEOC, so that the conciliation process was inadequate.

11. Defendant admits that no conciliation agreement was reached between the EEOC and YNHH.

12. Admitted.

13. Denied.

## STATEMENT OF CLAIMS

14. Defendant admits that it is a party to an Affiliation Agreement with Yale School of Medicine ("YSM") and that its facilities are used for teaching purposes as a component of that agreement. Defendant admits that it has been affiliated with YSM since its founding in 1826, and that it entered into affiliation agreements with YSM in 1913 and 1965. The 1965 Affiliation Agreement remains in effect through a subsequent 1999 Affiliation Agreement and continues to "serve as the foundation for the structure and operation of the Medical Center by outlining the role of each of Yale/YSM and Yale-New Haven Hospital and their relationship to each other." Defendant further admits that YSM and YNHH serve as components of an integrated academic medical center and that YSM and YNHH share a history of clinical care, care for the uninsured, underinsured and indigent, and that it has a hard earned national and international reputation for clinical services, teaching and research. Defendant denies any inference that the long-standing relationship between YNHH and YSM, including the Affiliation Agreement between YNHH and YSM results in a "fully integrated entity or operation." Defendant further denies the existence of any employment relationship between YNHH and any practitioner whose association with the Hospital is merely by virtue of holding or exercising medical staff privileges, or by interfacing with YNHH's employed staff, and/or any practitioner not identified as a YNHH employee for the

purposes of this litigation, as defined in the parties' joint stipulation regarding employment status entered by the Court on January 22, 2021 (Dkt. No. 61).[1]

15.     Admitted.

16.     Admitted that physicians and other practitioners with medical staff privileges must undergo an appropriate reappointment process, including a thorough evaluation of skills and competence, established and administered by the Executive Committee of the Medical Staff and the Medical Peer Review Credentialing Committee, an independently organized body of physicians.  Further admitted that during this process consideration is given to each individual's ability to exercise the privileges requested in the hospital setting with reasonable skill and safety. It is further admitted that privileges are granted following a peer review process involving the Medical Staff leadership, Credentialing committee, and Executive Committee of the Medical Staff. It is also admitted that the YNHH Board of Trustees acts upon the recommendations of the Medical Staff to approve appointments and privileges.  Defendant denies any inference that YNHH is solely responsible for the administration of the appointments and privilege process.

17.     Admitted that the process is intended to, and sometimes does, reveal indicators of the need for additional processes.  Defendant denies the remainder of Paragraph 17 as drafted.

---

[1] On January 21, 2021, the parties filed a Joint Motion for Stipulation Regarding Employer Status of Yale New Haven Hospital, Inc. (Dkt. No. 60).  The parties stipulated that, for the purposes of this litigation only, the 115 individuals identified in Exhibit A to the joint motion, including the original and only named Claimant, Dr. Irwin Nash ("the Affected Individuals"), are or were employed by YNHH for the purposes of the ADEA and ADA.  *See* Joint Mot. for Stip. (Dkt. 60) at ¶ 2, Ex. A.  The parties further stipulated that, for the purposes of this litigation only, the individuals identified in Exhibit B to the joint motion are not or were not employed by YNHH for the purposes of the ADEA and ADA.  *See id.* at ¶ 3, Ex. B.  Finally, the parties agreed, for the purposes of this litigation only, any direct employees of YNHH, Yale University, and/or Northeast Medical Group, shall be considered YNHH employees for the purposes of any judgment or injunctive relief, if any, entered or ordered by the Court.  The Court entered an Order granting the parties' stipulation on January 22, 2021 (Dkt. No. 61).

4

18. Defendant denies the allegations in Paragraph 18 of the First Amended Complaint as drafted; the Late Career Practitioner Policy was established by the Medical Staff Executive Committee and Peer Review Credentialing committee and accepted by the Hospital.

19. Defendant admits that the Late Career Practitioner Policy ("Policy") requires physicians and other practitioners obtaining or renewing their privileges who, at the time for their appointment or reappointment, as applicable, have attained age 70 or over, to undergo a neuropsychological screening and ophthalmologic exam at the time of initial appointment or at reappointment. Defendant denies that every physician or practitioner impacted by the Policy is or was an employee of YNHH.

20. Admitted.

21. Denied as drafted. The impacted physicians are subject to the Policy based on, among other things, the statistical data and studies available to Defendant, as well as is available to other hospitals, along with peer feedback, establishing the higher potential for deterioration of physical and visual abilities of the relevant age group. Such information triggered the need for a proactive vehicle to better ensure patient safety, which is the catalyst for the requirement that such physicians submit to the Late Career Practitioner Policy process.

22. Denied as drafted. The Late Career Practitioner Policy, which was developed and recommended by an overwhelming majority of the self-governing Medical Staff of YNHH, has been applied to a number of physicians and practitioners since its implementation in 2016 through a peer review credentialing process; it was not applied by the Defendant.

### **Claim Under the ADEA**

23. Paragraph 23 of the First Amended Complaint contains a description of the purposes of the Age Discrimination in Employment Act which requires no response as the statute speaks for itself.

24. Paragraph 24 of the First Amended Complaint contains a description of the purposes of the Age Discrimination in Employment Act which requires no response as the statute speaks for itself.

25. Defendant denies the allegations in Paragraph 25 of the First Amended Complaint, and further denies that all physicians and practitioners subject to the Late Career Practitioner Policy are or were applicants and/or employees of YNHH.

26. Defendant denies the allegations in Paragraph 26 of the First Amended Complaint, and further denies that all practitioners subject to the Late Career Practitioner Policy are or were applicants and/or employees of YNHH.

27. Denied.

### **Medical Examination Claim Under the ADA**

28. Paragraph 28 of the First Amended Complaint contains a description of the Americans With Disabilities Act which requires no response as the statute speaks for itself.

29. Defendant admits that the ophthalmologic and neuropsychological exams administered in connection with the Late Career Practitioner Policy are medical exams under the ADA, but denies that their use violates the ADA as they: (a) apply to non-employees, so that the ADA would not apply to practitioners other than those identified as YNHH employees in Exhibit A to the parties' joint stipulation regarding employment status (Dkt. No. 60); and/or (b) are job-related and consistent with business necessity.

30. Denied.

31. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the injunctive, declaratory, and monetary relief requested in Paragraphs A-I of its Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE [Failure to State a Claim Upon Which Relief Can Be Granted]

Plaintiff's First Amended Complaint fails to sufficiently state any claim upon which relief may be granted.

### SECOND DEFENSE [Failure to Sufficiently Exhaust Administrative Remedies]

1. While Plaintiff provided determination letters ostensibly inviting conciliation, Plaintiff was wholly unresponsive to Defendant's requests for clarification of and supporting factual bases for critical issues, including the Charging Party's status, and those facts bolstering regarding Defendant's substantially supported defenses.

2. For this and other reasons, Plaintiff's First Amended Complaint is barred, in whole or in part, by the failure to exhaust all administrative remedies, and/or to perform all conditions precedent to suit, including but not limited to conciliating in good faith the allegations at issue herein pursuant to 29 U.S.C. § 626(b).

3. Plaintiff's claims are barred in whole or in part for failure to exhaust administrative remedies to the extent unnamed Complainants failed to timely and properly file charges themselves.

**THIRD DEFENSE [Statute of Limitations]**

1. Plaintiff's First Amended Complaint alleges that the Late Career Practitioner Policy has been in effect since March 2016 and has impacted some 145 individuals without specific reference to when these purportedly impacted individuals were subject to and/or impacted by the Late Career Practitioner Policy.

2. In such a way, Plaintiff's First Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods for any unnamed Complainants.

3. Some or all claimed damages are barred by the applicable statute of limitations. Specifically, Plaintiff's First Amended Complaint alleges that the Late Career Practitioner Policy has been in effect since March 2016 and has impacted some 145 individuals without specific reference to when these purportedly impacted individuals were subject to and/or impacted by the Late Career Practitioner Policy.

**FOURTH DEFENSE [All Acts Supported by Business Justifications]**

At all times relevant to the acts alleged in the First Amended Complaint, Defendant acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Complainant were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons, chief among which is the safety of Defendant's patients.

**FIFTH DEFENSE [Failure to Sufficiently Mitigate Damages]**

To the extent some impacted physicians or practitioners, including Dr. Nash, did not submit to the policy or process prescribed by the Late Career Practitioner Policy, did not challenge the findings of the neuropsychological and ophthalmologic testing, and/or did not find alternative

suitable work, they have failed to sufficiently mitigate their damages, any entitlement to which is expressly denied.

## SIXTH DEFENSE [BFOQ]

For those reasons referenced in the Answer, the testing performed pursuant to the Late Career Practitioner Policy falls within the bona fide occupational qualification exception under the Age Discrimination in Employment Act, 29 U.S.C. § 623(f)(1).

## SEVENTH DEFENSE [Lack of Malice]

All decisions made by Defendant with respect to Complainant, and all actions taken with respect to the issuance or continuance of privileges as to any and all impacted physicians, were made without willfulness, malice, ill will, fraud, oppression or any other improper motive.

## EIGHTH DEFENSE [After-Acquired Evidence]

All or part of the claimed damages are tolled by the doctrine of after-acquired evidence.

**DEFENDANT,**
**YALE NEW HAVEN HOSPITAL, INC.,**

By: */s/ Mary A. Gambardella*
    Mary A. Gambardella (ct05386)
    mgambardella@wiggin.com
    Joshua J. Wyatt (ct28916)
    jwyatt@wiggin.com
    WIGGIN AND DANA LLP
    One Century Tower
    265 Church Street, 18th Floor
    New Haven, Connecticut 06508
    Tel: (203) 498-4328
    Fax: (203) 789-2889

    Christopher J. DeGroff (*pro hac vice*)
    cdegroff@seyfarth.com
    Shana Madigan (*pro hac vice*)
    smadigan@seyfarth.com

SEYFARTH SHAW LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL  60606

**CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of December, 2021, a copy of the foregoing Defendant's ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                              */s/ Shana Madigan*
                                              Shana Madigan (admitted *pro hac vice*)