**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------X
                             :
EQUAL EMPLOYMENT OPPORTUNITY :    Case No. 3:20CV00187(SALM)
COMMISSION                   :
                             :
v.                           :
                             :
YALE NEW HAVEN HOSPITAL, INC. :   April 27, 2022
                             :
-----------------------------X
```

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**A MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. #146]**

Plaintiff the Equal Employment Opportunity Commission ("plaintiff" or "EEOC") has filed a motion seeking "leave of the Court to file a motion for partial summary judgment on a single issue dispositive of its ADA claim, on limited undisputed facts, without prejudice to its right to file a later subsequent motion if warranted." Doc. #146 at 1. Specifically, plaintiff asserts that defendant Yale New Haven Hospital ("YNHH") "has admitted the elements of the EEOC's prima facie claim, and so the only outstanding issue [as to this claim] is whether the examinations under YNHH's Policy are 'job-related and consistent with business necessity.'" Id. at 2-3 (quoting 42 U.S.C. §12112(d)(4)(A)) (footnote omitted).

"[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." Sira v. Morton,

380 F.3d 57, 68 (2d Cir. 2004). Rule 56(b) provides that, "[u]nless a different time is set by local rule or **the court orders otherwise**, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). The Second Circuit has held that before a District Court may grant a motion for summary judgment, "[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (citation and quotation marks omitted).

Thus, courts in this Circuit have denied motions for leave to file a dispositive motion where "discovery is still pending and therefore summary judgment is premature[.]" Petaway v. Osden, No. 3:17CV00004(VAB), 2017 WL 4678188, at *1 (D. Conn. Oct. 17, 2017) (citations and quotation marks omitted); Singleton v. Fifth Generation, Inc., No. 5:15CV00474(BKS), 2017 WL 5001444, at *2 (N.D.N.Y. Sept. 27, 2017) ("Because discovery ... is ongoing as to the merits, the Court will not address Defendant's motion for summary judgment at this juncture[.]"); Coene v. 3M Co. ex rel. Minn. Min. & Mfg. Co., No. 10CV06546(FPG), 2015 WL 5773578, at *3 (W.D.N.Y. Sept. 30, 2015).

Defendant objects to the filing of an early summary judgment motion, and has sufficiently demonstrated that permitting such a motion at this stage would be prejudicial. Discovery that YNHH believes is relevant to this issue remains ongoing. See Doc. #152 at 3-4. The EEOC has yet to provide responses to YNHH's requests for "documents and information related to any independent examination and/or assessment of an Affected Individual's cognitive abilities, after the Affected Individual underwent neuropsychological testing pursuant to the LCP Policy." Id. Furthermore, expert discovery will be ongoing through mid-summer, at least, and YNHH asserts that such discovery is "expected to be a critical element to YNHH establishing its defenses" and that at least one expert report "will focus directly on the testing process which is the subject of the EEOC's challenge under the ADA[.]" Id. at 3.

Discovery in this matter has not yet closed, see Doc. #132, and defendant has persuasively demonstrated that it "continues to develop evidence" that is relevant to its business necessity defense. Doc. #152 at 4. Thus, because "discovery is still pending" as to issues relevant to plaintiff's proposed motion, "summary judgment is premature at this time." Petaway, 2017 WL 4678188, at *1. Accordingly, plaintiff's Motion for Leave to File a Motion for Partial Summary Judgment is hereby **DENIED**.

Plaintiff may move for summary judgment following the close of discovery.

It is so ordered this 27th day of April, 2022, at New Haven, Connecticut.

_____/s/_____
Hon. Sarah A. L. Merriam
United States District Judge