IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> YALE NEW HAVEN HOSPITAL, INC., <br><br> Defendant. | Civil Action No. 3:20-cv-00187-SALM <br><br> August 29, 2022 |

**THE EEOC'S OPPOSITION TO DEFENDANT'S REQUEST FOR A DISCOVERY CONFERENCE**

The U.S. Equal Employment Opportunity Commission opposes Defendant's Motion for a Discovery Conference (Dkt. 188), as the parties have not met and conferred regarding this issue, and there is no basis for a dispute as the EEOC's expert disclosures are consistent with the effective Scheduling Order in this matter. Further, to the extent the Court does schedule a conference, the EEOC asks the Court to resolve a dispute which has recently arisen between the parties, as described below.

**I.    DEFENDANT'S REQUESTED COURT CONFERENCE AND PROPOSED MOTIONS**

Just over two years ago, in August 2020, the parties submitted a Joint Proposed Rule 26(f) Report (Dkt. 36). With respect to expert discovery in Phase II of the litigation, this proposal stated that:

> **On any issue for which a party bears the burden of proof,** the party would designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) (including the production of all backup data and programs upon which those expert rely in developing their reports) by a date not later than 4 months before the deadline for completing all discovery in Phase II. . . . .

1

> **On any issue for which a party does not bear the burden of proof,** parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than 2 months before the deadline for completing all discovery. . . . .

*Id.* at 9-10 (emphasis added). This is the structure for expert discovery that was ultimately adopted, and has been reiterated several times by Defendant. In its June 2021 Motion for Extension of Time, Defendant requested deadlines of:

> 2. August 23, 2021: deadline for disclosure of reports from retained experts (on any issue for which a party bears the burden of proof) pursuant to Fed. R. Civ. P. 26(a)(2)(B), including the production of all backup data and programs upon which those experts rely in developing their reports.
> . . . .
> 4. October 22, 2021: on any issue for which a party does not bear the burden of proof, deadline for disclosure of all trial experts and their reports pursuant to Fed. R. Civ. P. 26(a)(2)(A-B).

Dkt. 76 at 2. This proposed schedule was adopted by the Court (*see* Dkt. 80), and later extended (*see* January 14, 2022 Joint Motion to Adjust Deadlines (Dkt. 131 at 3-4)), in which the parties jointly again reiterated expert disclosures first "on any issue for which the party bears the burden of proof," and later "on any issue for which the party does not bear the burden of proof;" *see* Dkts. 132, 162). Most recently, the Court stated that "[b]y August 22, 2022, each party shall disclose their trial experts (and the experts' reports) on any issue as to which they do not bear the burden of proof." Dkt. 173.

There are several issues in this matter on which the EEOC does not bear the burden of proof, for example, showing that YNHH's Late Career Practitioner Policy is a business necessity, proving that practitioners age 70 and older "as a group pose a genuine health or security risk," *Conroy v. New York State Dep't of Corr. Servs.*, 333 F.3d 88, 101 (2d Cir. 2003), and that it is "'impossible or highly impractical' to deal with the older employees on an individualized basis." *W. Air Lines, Inc. v. Criswell*, 472 U.S. 400, 414 (1985). As the EEOC did

not bear the burden of proof on these issues, its deadline to submit any related expert reports and disclosures was August 22, 2022, under the currently effective scheduling order.  *See* Dkt. 173.

On Monday, August 22, 2022, the EEOC served Defendant with four expert reports, including from Dr. Charles Scherbaum, an Industrial and Organizational Psychologist, Dr. Joel Kramer, a Neuropsychologist, Dr. Ilene Moore, whose report relates to patient safety, and Dr. Erin George, an economist who performed a statistical analysis of whether there was a difference in the proportion of YNHH medical practitioners age 70 and older who appeared before YNHH's peer review committees, as compared to the proportion of younger YNHH practitioners who did so.  August 29, 2022 Declaration of Caitlin D. Brown ("Brown Decl."), ¶ 2.  On Friday, August 26, Defendant's counsel wrote to the EEOC, asserting that the EEOC had violated FRCP 26(a) and the Court's scheduling order by serving non-rebuttal expert reports, and that it would move to strike Dr. George's report in its entirety, and portions of the other three reports served.  *See* Brown Decl., ¶ 3, Ex. A.  Citing the above-referenced scheduling order, and that these reports relate to issues on which the EEOC does not bear the burden of proof, the EEOC asserted that the disclosures were consistent with the scheduling order, and that Defendant had not explained how they violated FRCP 26(a).  *Id.*  Further, the EEOC requested to confer with Defendant before the Court was contacted, so the EEOC could understand the basis for Defendant's assertions.  *Id.*  Instead, Defendant contacted the Court prior to any telephonic conferral between the parties on this issue.  To date, no such conferral has occurred.  Brown Decl., ¶ 4.

As Defendant has refused the EEOC's request to confer, the EEOC is not aware of Defendant's basis for asserting that the EEOC's expert disclosures were improper, when the currently effective scheduling order clearly permitted disclosure of expert reports "on any issue as to which [the party] do[es] not bear the burden of proof" on August 22, 2022.  Dkt. 173.

While Defendant asserts that it will seek to strike Dr. George's report in its entirety, the EEOC is also unaware of which portions of the remaining three reports Defendant asserts are improper. The EEOC is also unaware of Defendant's basis for asserting that the EEOC's disclosures violated FRCP 26(a).  Finally, as Defendant's position that the EEOC was not permitted to serve its expert reports on August 22 is barred by the Scheduling Order in this matter, the EEOC does not believe that Defendant should be permitted to extend the discovery deadline in order to brief a meritless motion to strike.

## II.  DEFENDANT'S REFUSAL TO RESPOND TO THE EEOC'S DISCOVERY REQUESTS

On the evening of August 29, 2022, a new discovery issue became apparent.  On July 29, 2022, the EEOC served Defendant with Requests for Production Nos. 56-67. (*See* requests as set forth in Brown Decl., Ex. B (YNHH Responses and Objections to Requests for Production). These requests were based on statements made by Defendant's witnesses during depositions on May 20,[1] June 14, and July 28, 2022.  For example, in her July 2022 deposition, Ms. Zinck-Lederer testified that one of her colleagues, Laura Brown, maintained a "Word or Excel" document tracking all practitioners who received an extension to complete the LCPP requirements (Zinck-Lederer Dep., 440:2-441:6, July 28, 2022), and also testified regarding a proposal to apply the LCPP to practitioners age 70 and older in the "refer and follow" category, even though such practitioners presented "no[]" risk to YNHH patients, but she could not recall whether such proposal was made to the Medical Executive Committee without looking at certain meeting minutes or agendas which had not been produced.  *Id.,* 429:16-431:21.  By way of further example, Ms. Mallozzi testified that she could run a report from RL Solutions showing all patient complaints of a certain level of egregiousness that were filed in 2021 in "minutes,"

---

[1] EEOC did not receive this transcript until June 3, 2022.

4

(Mallozzi Dep., 91:19-93:11); Dr. Choi testified that Vizient scorecards were accompanied by an "appendix"[2] which "further explain[s] each portion of [the scorecard]," and that he had "easy access" to that document (Choi Dep. 227:15-228:15, June 14, 2022).

On the evening of August 29, Defendant served its responses and objections to these requests (*see* Brown Decl., Ex. B), in which it refused to respond to *all* of these requests on the basis of the Court's June 14, 2022 Order (Dkt. 173). YNHH has taken the position that, if the EEOC was generally aware of certain *topics* of information before June 28, 2022—for example, the existence of the RL Solutions software or that practitioners received extensions during which they did not have to take the neuropsychological exams required under the Late Career Practitioner Policy—that the Court's June 14, 2022 order prohibits the EEOC from seeking further discovery about those topics. *See* Ex. B. In contrast, the EEOC believes the Court specifically noted that it was not prohibiting the EEOC from serving additional discovery requests, and that the Order only required the EEOC to file motions to compel (ultimately by July 12, 2022) regarding disputes between the parties of which the EEOC was aware as of June 14, 2022. *See* Dkt. 173. As the EEOC explained to Defendant, even with respect to the earliest of these depositions, it would not have been possible for the EEOC to serve discovery requests after the deposition and receive responses by June 14, 2022, allowing the EEOC to know whether a dispute existed.

The EEOC has asked Defendant to meet and confer regarding this dispute, but Defendant's counsel has asserted they are not available to discuss this issue until next week. Brown Decl., ¶ To the Court is willing to consider issues before the parties have conferred telephonically, or in the event a court conference is not scheduled until next week, the EEOC

---

[2] This document has not been produced.

asks the Court to also address this issue in any upcoming discovery conference scheduled by the Court.

## CONCLUSION

For the reasons stated above, the EEOC opposes Defendant's request for a discovery conference, but to the extent one is scheduled, asks the Court to also address the recent dispute that has arisen with respect to Defendant's responses and objections to the EEOC's document requests, as described above.

Dated: August 29, 2022

Respectfully submitted,

s/ Caitlin D. Brown

*Attorney for Plaintiff*
Trial Attorney
Bar No. phv11110
Tel: (929) 506-5277
caitlin.brown@eeoc.gov

Kimberly A. Cruz
Supervisory Trial Attorney
Bar No. phv10827
Tel: (929) 506-5345
kimberly.cruz@eeoc.gov

U.S. Equal Employment
Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Fax: (212) 336-3623