**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 3:20-cv-00187-SALM |
| v. | ) ) August 29, 2022 |
| YALE NEW HAVEN HOSPITAL, INC., | ) ) |
| Defendant. | ) ) |

## DECLARATION OF CAITLIN D. BROWN

I, Caitlin D. Brown, declare:

1.      I am a Trial Attorney for the U.S. Equal Employment Opportunity Commission (the "EEOC," or "Commission"), and am one of the Trial Attorneys representing the Commission in this matter.

2.      On Monday, August 22, 2022, I, on behalf of the EEOC, served Defendant's counsel with four expert reports, including from Dr. Charles Scherbaum, an Industrial and Organizational Psychologist, Dr. Joel Kramer, a Neuropsychologist, Dr. Ilene Moore, whose report relates to patient safety, and Dr. Erin George, an economist who performed a statistical analysis of whether there was a difference in the proportion of YNHH medical practitioners age 70 and older who appeared before YNHH's peer review committees, as compared to the proportion of younger YNHH practitioners who did so.

3.      On Friday, August 26, 2022, Defendant's counsel wrote to counsel for the EEOC, asserting that the EEOC had violated FRCP 26(a) and the Court's scheduling order by serving non-rebuttal expert reports.  In its response, the EEOC asked to meet and confer with Defendant

before Defendant contacted the Court.  A true and correct copy of Defendant's counsel's email and the EEOC's response it attached hereto as Exhibit A.

4.      Defendant filed its Motion for a Discovery Conference (Dkt. 188) without conferring with counsel for the EEOC either telephonically or in person regarding the dispute. To date, Defendant has not conferred with the EEOC telephonically or in person regarding this issue.

5.      On the evening of August 29, 2022, Defendant served its responses and objections to the EEOC's fifth set of phase II requests for the production of documents.  A true and correct copy of Defendant's responses and objections are attached hereto as Exhibit B.

6.      On the evening of August 29, 2022, I asked opposing counsel to meet and confer regarding these discovery responses, on either Tuesday August 30, or Wednesday, August 31, 2022.  Defendant's counsel asserted that they were not available to meet and confer regarding this issue until Tuesday, September 6, or Wednesday, September 7.

7.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on August 29, 2022, in New York, New York.

Dated: August 29, 2022

Caitlin D. Brown

# EXHIBIT A

## CAITLIN BROWN

| | |
|---|---|
| **From:** | CAITLIN BROWN |
| **Sent:** | Friday, August 26, 2022 4:42 PM |
| **To:** | DeGroff, Christopher; Gambardella, Mary; Madigan, Shana |
| **Cc:** | KIMBERLY CRUZ; DANIEL SELTZER; LIANE RICE; ALVERA E. LEWIS |
| **Subject:** | RE: EEOC v. YNHH: Expert Reports - conf re: Motion to Strike |

Chris,

We disagree with your assertions below.  The scheduling order did not limit the August 22 disclosure to rebuttal expert reports, but rather it was the deadline to "disclos[e]… all trial experts and their reports" …"on any issue for which the party does not bear the burden of proof." (Dkt 131 (Joint Motion to Adjust Deadlines), Dkt 162 (Motion for Extension of Time), Dkt. 173 (Order granting motion for extension of time)).  The reports we produced relate to issues on which the EEOC does not bear the burden of proof, and are therefore fully consistent with the scheduling order.  You have failed to explain why you believe this disclosure is contrary to FRCP 26(a).

Before scheduling a call with the Court, we are entitled to understand the basis for your assertions, and believe a conferral is in order prior to contacting the Court.

We will of course join any call scheduled by the Court, but believe any request for a call should reflect the EEOC's position that, based on the clear scheduling order (repeated multiple times, by both parties and the Court), these disclosures are entirely appropriate.  We are available for a call with the Court on 8/30 any time after 2:00 ET, Wednesday (8/31) after 3:30 ET, and Thurs (9/1) from 10:00-2:00ET.

Thanks,

Caitlin

---



**Caitlin D. Brown** | Trial Attorney  | She/Her
United States Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor, New York, NY 10004
Phone: 929.506.5277 | Fax: 212.336.3623
Email: caitlin.brown@eeoc.gov

---

**From:** DeGroff, Christopher <CDeGroff@seyfarth.com>
**Sent:** Friday, August 26, 2022 4:02 PM
**To:** CAITLIN BROWN <CAITLIN.BROWN@EEOC.GOV>; Gambardella, Mary <MGambardella@wiggin.com>; Madigan, Shana <SMadigan@seyfarth.com>
**Cc:** KIMBERLY CRUZ <KIMBERLY.CRUZ@EEOC.GOV>; DANIEL SELTZER <DANIEL.SELTZER@EEOC.GOV>; LIANE RICE <LIANE.RICE@EEOC.GOV>; ALVERA E. LEWIS <ALVERA.LEWIS@EEOC.GOV>
**Subject:** RE: EEOC v. YNHH: Expert Reports - conf re: Motion to Strike

> **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Counsel,

We have reviewed your expert reports and much of what you have provided is not a rebuttal to the expert reports from Dr. Papinchock or Dr. Gallagher, but instead are untimely affirmative reports violating Rule 26(a) and the Court's scheduling order. YNHH intends to move to strike Dr. George's report in its entirety, and all non-rebuttal portions of the reports of Drs. Scherbaum, Kramer, and Moore.

Given this issue will dramatically impact oral expert discovery, YNHH wishes to consult with the Court on the best way to address the timing issues (i.e., a briefing schedule on YNHH's motion to strike, and the status of expert depositions while that motion is briefed and pending).

We will reach out to the Court on Monday to schedule a call. Let us know no later than **11:00 ET Monday** about your availability for a joint call with the Court within the following windows next week:

**Tues (8/30) any time after 2:00 ET, Wednesday (8/31) after 3:30 ET, Thurs (9/1) 10:00-4:00ET, or Friday (9/2) 11:00-1:00ET.**

Chris

**Christopher DeGroff** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5982 | Mobile: +1-773-412-6199 | Fax: +1-312-460-7982
cdegroff@seyfarth.com | www.seyfarth.com



**From:** CAITLIN BROWN <CAITLIN.BROWN@EEOC.GOV>
**Sent:** Monday, August 22, 2022 6:21 PM
**To:** DeGroff, Christopher <CDeGroff@seyfarth.com>; Gambardella, Mary <MGambardella@wiggin.com>; Madigan, Shana <SMadigan@seyfarth.com>
**Cc:** KIMBERLY CRUZ <KIMBERLY.CRUZ@EEOC.GOV>; DANIEL SELTZER <DANIEL.SELTZER@EEOC.GOV>; LIANE RICE <LIANE.RICE@EEOC.GOV>; ALVERA E. LEWIS <ALVERA.LEWIS@EEOC.GOV>
**Subject:** EEOC v. YNHH: Expert Reports

**This Message Is From an External Sender**
This message came from outside your organization.

All,

Please find attached the expert report of Dr. Scherbaum.  Due to file size, I will send each report individually.

Thanks,

Caitlin



**Caitlin D. Brown | Trial Attorney  | She/Her**
United States Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor, New York, NY 10004
Phone: 929.506.5277 | Fax: 212.336.3623
Email: caitlin.brown@eeoc.gov



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

           **Plaintiff,**

    **v.**

YALE NEW HAVEN HOSPITAL, INC.,

           **Defendant.**

Civil Action No. 3:20-cv-187-SALM

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
EEOC'S FIFTH SET OF PHASE II REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Defendant YALE NEW HAVEN HOSPITAL, INC. ("YNHH"), by its attorneys and pursuant to 26 and 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff EEOC's Fifth Set of Phase II Requests for Production of Documents and Electronically Stored Information, stating as follows:

**PRELIMINARY STATEMENT**

The following responses and objections are based only upon the facts, documents and information presently known and available to Defendant. Discovery, investigation, and analysis are ongoing and may reveal the existence of additional facts, information or documents, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additional, variations or changes to these responses, which are given without prejudice to Defendant's right to produce evidence of any subsequently-discovered facts, information, or documents. Defendant reserves its right to change any and all responses herein, as applicable, should additional facts be ascertained, analyses be made, legal research be conducted, further allegations raised, or further discovery ordered. The answers below are made

in good faith, but shall not prejudice Defendant in relation to further discovery, research, or

analysis, as applicable. The fact that Defendant responded to all or part of any Request for

Production is not intended as, and should not be construed as, a waiver of all or any part of any

objection to any Request for Production made herein, nor an admission of any fact stated or

assumed in the Request for Production.

Defendant submits these responses subject to:

a.    Any objections as to the competency, relevance, materiality, privilege, or

admissibility of any of the responses or of any documents identified in response to the Requests

for Production;

b.    The right to object to other discovery procedures involving or relating to the

subject matter of the responses given and documents identified in response to the Requests for

Production; and

c.    The right to revise, correct, supplement, or clarify any of the responses herein at

any time, including at trial.

## GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's Requests for Production, including any

Instructions and Definitions, to the extent that they seek documents that are subject to any

privilege, immunity, or obligation of confidentiality, including, without limitation, the attorney-

client privilege and the attorney work product doctrine, on the ground that any such request

exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

Defendant interprets and construes these Requests for Production as not encompassing any

documents or information protected by the attorney-client, work product, or other applicable

privilege or protection unless otherwise expressly stated. Any inadvertent identification or

production of documents subject to such privilege or protection is not intended as a waiver of,

and shall not waive, any such privilege or protection, and Defendant reserves the right to the return of all copies of any such document(s) inadvertently produced in response to the requests.

2.      Defendant objects to these Requests for Production, including any Instructions and Definitions, to the extent that they purport to impose demands beyond those imposed by the Federal Rules of Civil Procedure.

3.      Defendant reserves the right to supplement its answers as more information is discovered through its own internal investigation and through discovery.

4.      Defendant objects to these Requests for Production to the extent that the burden or expense of responding outweighs their likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the Requests for Production in resolving the issues.

5.      Defendant objects to the Requests for Production to the extent that they call for information or documents that do not exist within the possession, custody, or control of Defendant.  Defendant does not have possession, custody, or control of certain information and/or documents that may be placed at issue by the EEOC's discovery requests with respect to Yale University ("Yale. U."), Yale University School of Medicine ("YSM"), Northeast Medical Group ("NMG"), and/or other separate entit(ies).

6.      Defendant objects to Plaintiff's Document Requests to the extent they seek a response on behalf of Yale U., YSM, NMG, or any other entity separate from Defendant.

7.      Defendant objects to the extent the Requests for Production seek information or documents, including electronically stored information ("ESI"), that is not reasonably accessible to Defendant because of undue burden or cost, and thus the Requests for Production are overly broad, unduly burdensome, oppressive and harassing. Such information or documents may

include, but are not limited to, ESI in "slack space" or other unallocated space, legacy data, and information utilized only for purposes of disaster recovery. The burden and expense of accessing, reviewing, and responding to these Requests for Production with ESI not reasonably accessible to Defendant outweighs its possible relevance and is not likely to lead to the discovery of admissible evidence. In producing information and documents responsive to these Requests for Production, Defendant will conduct a reasonable search for responsive information and documents, which may include, but is not limited to, using electronic searches and/or sampling to identify responsive information and documents maintained by custodians most likely to possess responsive ESI.

8.      The response to each Request for Production shall not be interpreted to concede the truth of any factual assertion or implication contained in the request. Defendant is providing these discovery responses without waiver or prejudice to its rights to later raise objections to relevance, materiality, privilege, or admissibility of any document produced in this responses.

9.      Defendant objects to the production of confidential or proprietary business or financial information and trade secrets unless the relevance of such material outweighs Defendant's interest in keeping such matters confidential. Defendant further objects to production of any documents containing confidential or proprietary business or financial information until after entry of an appropriate protective order governing the use and disposition of such information and material.

10.     Defendant objects to the EEOC's Requests to the extent they seek documents or information unrelated to the topics to be litigated in Phase II of this case, as set forth in the parties' Joint Revised Rule 26(f) Report (Doc. 36).

11.     Defendant objects to the EEOC's definition of the "relevant period of time" in the Requests as "January 1, 2010 to the present."  With respect to the ADA claims in this case, the relevant time period is limited to January 17, 2018 to the present.

12.     Defendant objects to the EEOC's request to the extent they are substantially the same as and/or seek a subset of documents already requested in discovery by the EEOC, and are based on information the EEOC has been aware of since before June 28, 2022, but failed to move to compel by the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180).

13.     Each and every response is made subject to the foregoing General Objections, regardless of whether a general or specific objection is stated in the answer to a particular request, and Defendant does not waive any General Objections not referred to in a particular answer.

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

Each of the above General Objections applies to and is hereby incorporated by reference in each response to each of the following specific Requests for Production. Subject to the foregoing reservations and objections, and without waiver thereof, Defendant further responds to Plaintiff EEOC's Fifth Set of Phase II Requests for Production of Documents and Electronically Stored Information as follows:

## REQUEST FOR PRODUCTION NO. 56:

For the time period of 2014 to the present, produce documents in Excel format sufficient to show: (a) the total number of patient complaints and grievances recorded in RL Solutions for each calendar year; and (b) the total number of patient complaints and grievances that relate to a particular member of the YNHH medical staff for each calendar year.

**RESPONSE:**

YNHH objects to this Request because the phrase "relate to a particular member of the YNHH medical staff" is vague and ambiguous and can be read to encompass every patient complaint about their care or treatment, regardless of whether the complaint identified a particular practitioner.

YNHH further objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180). The EEOC has been well aware of RL Solutions and the data and information encompassed therein, including the information discussed at Ms. Mallozzi's deposition, since long before June 28, 2022, and this Request is effectively a repackaging and/or seeks a subset of documents requested in the EEOC's Third Set of Requests for Production of Documents (specifically, RFP Nos. 48-50), served in February 2022. Yet the EEOC failed to confer with YNHH if the Commission believed its production was deficient, and if necessary move to compel the requested documents before the court-ordered deadline of July 12, 2022. This request is therefore untimely and in violation of the Court's Order.

YNHH stands on the foregoing objections, and is withholding responsive documents — to the extent any exist — based on those objections.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify all labels or categories used by YNHH to classify the severity of a patient concern in RL Solutions between 2014 and the present including, but not limited to, complaints and grievances and patient concerns based on the HPI method of service failure described by Ms. Lauren Mallozzi at 82:19 – 84:15 of her deposition.

**RESPONSE:**

YNHH objects to this Request to the extent it actually seeks a list of information rather than documents, which should have been requested by Interrogatory, and is not a proper Request

for Production of Documents.  The Federal Rules of Civil Procedure do not require YNHH to create documents to respond to a Request for Production of Documents.  *See Williams v. City of Hartford*, No. 3:15CV00933(AWT), 2016 WL 1732719, at *17 (D. Conn. May 2, 2016), *adhered to in part on reconsideration*, No. 3:15CV00933(AWT), 2016 WL 3102001 (D. Conn. June 2, 2016) ("Rule 34 only requires a party to produce documents that exist at the time of the request; a party cannot be compelled to create a document for its production.").

YNHH further objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180).  As noted in the Request itself, the EEOC deposed Lauren Mallozzi, YNHH's Rule 30(b)(6) witness designated for the topic of patient complaints in RL Solutions, about the subject of this Request.  The EEOC thus learned of the severity classifications no later than May 2022.  Moreover, this Request is effectively a repackaging and/or seeks a subset of documents requested in the EEOC's Third Set of Requests for Production of Documents (specifically, RFP Nos. 44, 46, and/or 49), served in February 2022.  Yet the EEOC failed to confer with YNHH if the Commission believed its production was deficient, and if necessary move to compel the requested documents before the court-ordered deadline of July 12, 2022. This request is therefore untimely and in violation of the Court's Order.

YNHH stands on the foregoing objections, and is withholding responsive documents — to the extent any exist — based on those objections.

## **REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify each of the twenty-two categories for patient complaints and/or grievances available in RL Solutions, as described by Ms. Lauren Mallozzi during her deposition on May 20, 2022.

**RESPONSE:**

YNHH objects to this Request to the extent it actually seeks a list of information rather than documents, which should have been requested by Interrogatory, and is not a proper Request for Production of Documents. *See Williams*, 2016 WL 1732719, at *17.

YNHH further objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180). As noted in the Request itself, the EEOC deposed Lauren Mallozzi, YNHH's Rule 30(b)(6) witness designated for the topic of patient complaints in RL Solutions, about the subject of this Request. The EEOC thus learned of the patient complaint categories no later than May 2022. Moreover, this Request is effectively a repackaging and/or seeks a subset of documents requested in the EEOC's Third Set of Requests for Production of Documents (specifically, RFP Nos. 44, 46, and/or 49), served in February 2022. Yet the EEOC failed to confer with YNHH if the Commission believed its production was deficient, and if necessary move to compel the requested documents before the court-ordered deadline of July 12, 2022. This request is therefore untimely and in violation of the Court's Order.

YNHH stands on the foregoing objections, and is withholding responsive documents — to the extent any exist — based on those objections.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to identify each of the "issue" categories that can be assigned to a patient complaint in RL Solutions, as described by Ms. Lauren Mallozzi during her deposition on May 20, 2022.

**RESPONSE:**

YNHH objects to this Request to the extent it actually seeks a list of information rather than documents, which should have been requested by Interrogatory, and is not a proper Request for Production of Documents. *See Williams*, 2016 WL 1732719, at *17.

YNHH further objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180).  As noted in the Request itself, the EEOC deposed Lauren Mallozzi, YNHH's Rule 30(b)(6) witness designated for the topic of patient complaints in RL Solutions, about the subject of this Request.  The EEOC thus learned of the "issue" categories no later than May 2022.  Moreover, this Request is effectively a repackaging and/or seeks a subset of documents requested in the EEOC's Third Set of Requests for Production of Documents (specifically, RFP Nos. 44, 46, and/or 49), served in February 2022.  Yet the EEOC failed to confer with YNHH if the Commission believed its production was deficient, and if necessary move to compel the requested documents before the court-ordered deadline of July 12, 2022.  This request is therefore untimely and in violation of the Court's Order.

YNHH stands on the foregoing objections, and is withholding responsive documents — to the extent any exist — based on those objections.

**REQUEST FOR PRODUCTION NO. 60:**

Produce the appendices associated with each YNHH Vizient Scorecard for the years 2014 to the present, as referenced to by Dr. Steven Choi in his 30(b)(6) deposition when testifying in relation to the 2018 Vizient Scorecard, marked as Exhibit 3.

**RESPONSE:**

YNHH objects to this Request because the phrase "appendices associated with" is vague and overly broad.  YNHH further objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180).  YNHH produced Vizient scorecards, in response to the EEOC's Phase II Request for Production No. 4 (seeking "documents and communications concerning the efficacy, or lack thereof, of the [LCPP]"), on January 5, 2022 (YNHH 123085-123186).  As noted in the Request itself, the EEOC learned of the existence of any appendices related to the

Vizient scorecards no later than June 14, 2022, during Dr. Choi's first deposition.[1]  This Request

seeks a subset of documents requested in the EEOC's First Set of Requests for Production of

Documents (specifically, RFP No. 4), served in January 2021.  Indeed, the EEOC has

represented to both YNHH and the Court as part of its argument and briefing on its Motion to

Compel [ECF No. 129] that these type of quality and safety documents were sought by Request

No. 4.  Yet the EEOC failed to confer with YNHH if the Commission believed its production

was deficient, and if necessary move to compel the requested documents before the court-

ordered deadline of July 12, 2022.  This request is therefore untimely and in violation of the

Court's Order.

    YNHH stands on the foregoing objections, and is withholding responsive documents —

to the extent any exist — based on those objections.

**REQUEST FOR PRODUCTION NO. 61:**

    Produce documents sufficient to show YNHH's Serious Safety Event Rate, Precursor
Safety Event Rate, and Near Miss Event Rate for each calendar month from the time that YNHH
began calculating such metrics to the present.

**RESPONSE:**

    YNHH objects to this Request as untimely, an improper attempt to evade the court-

ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos.

175, 180), and to the extent it runs afoul of the "law of the case" doctrine.  The EEOC already

moved to compel Serious Safety Event ("SSE"), Precursor Safety Event ("PSE") and Near Miss

Event ("NME") data, by month, in its Motion to Compel [ECF No. 129].  At the time, the EEOC

represented to YNHH and the Court that SSE, PSE, and NME data was requested by Request for

Production No. 4, which sought "documents and communications concerning the efficacy, or

---

[1] The scorecard itself, produced in January 2022, refers to a "methodology document" for specifics
regarding metrics, scoring methods, and data sources used in the scorecard.

lack thereof, of the Late Career Practitioner Policy, including, but not limited to, any reviews or studies of the [LCPP.]"  *See* Pl.'s Mem. of Law in support of Mot. to Compel [ECF No. 129-1 at p. 17].  The Court accepted the EEOC's position that the requested data fell within the scope of Request for Production No. 4, and ordered YNHH to produce the data requested.  Notably, as part of its production of SSE, PSE, and NME data (which it had actually produced in October 2021, months before the Motion to Compel), YNHH *included* monthly SSE <u>rate</u> data — as the EEOC recognized in its reply brief.  *See* Reply to Opp. to Mot. to Compel [ECF No. 136] at p. 1, n.2.  If SSE, PSE, and NME flat monthly data fell within the scope of Request No. 4, as the EEOC represented to the Court, then SSE, PSE, and NME monthly rate data do as well.  Based on the EEOC's representations to the Court, the Commission (1) requested safety event data in its January 2021 Request for Production of Documents; and (2) was or should have been aware of SSE, NME, and PSE *rate* data in October 2021, or by no later than February 2022 when it admitted receiving rate data in its Reply brief.  Yet the EEOC failed to confer with YNHH if the Commission believed its production was deficient, and if necessary move to compel the requested documents before the court-ordered deadline of July 12, 2022.  This request is therefore untimely and in violation of the Court's Order.

YNHH stands on its objections and is withholding responsive documents, to the extent they exist, based on those objections.

**REQUEST FOR PRODUCTION NO. 62:**

Produce documents sufficient to show the total number of submissions through RL Solutions made by YNHH employees and members of YNHH's medical staff for each calendar year from 2014 to the present.

**RESPONSE:**

YNHH objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos.

11

175, 180).  The EEOC has been well aware of RL Solutions and the data and information

encompassed therein, including the information discussed at Dr. Choi's Rule 30(b)(6)

depositions, since long before June 28, 2022, and this Request is effectively a repackaging and/or

seeks a subset of documents requested in the EEOC's Third Set of Requests for Production of

Documents (specifically, RFP No. 50), served in February 2022.  Yet the EEOC failed to confer

with YNHH if the Commission believed its production was deficient, and if necessary move to

compel the requested documents before the court-ordered deadline of July 12, 2022.  This

request is therefore untimely and in violation of the Court's Order.

      YNHH stands on its objections and is withholding responsive documents, to the extent

they exist, based on those objections.

### REQUEST FOR PRODUCTION NO. 63:

      Reports from RL Solutions identifying the members of the medical staff who have or
have had 3 or more patient complaints in a 24 month period during any period between 2016-
present (July 29, 2022).

### RESPONSE:

      YNHH objects to this Request as untimely and an improper attempt to evade the court-

ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos.

175, 180) because the EEOC has been well aware of RL Solutions and the data and information

encompassed therein, including the information discussed at Ms. Mallozzi's Rule 30(b)(6)

deposition, since long before June 28, 2022, and this Request is effectively a repackaging and/or

seeks a subset of documents requested in the EEOC's Third Set of Requests for Production of

Documents (specifically, RFP Nos. 44-45, 48-50), served in February 2022.  Yet the EEOC

failed to confer with YNHH if the Commission believed its production was deficient, and if

necessary move to compel the requested documents before the court-ordered deadline of July 12,

2022.  This request is therefore untimely and in violation of the Court's Order.

YNHH stands on its objections and is withholding responsive documents, to the extent they exist, based on those objections.

**REQUEST FOR PRODUCTION NO. 64:**

Produce documents created and/or maintained by Laura Brown in which LCPP extensions are noted, explained and/or recorded, as described by Theresa Zinck-Lederer during her deposition of July 28, 2022.

**RESPONSE:**

YNHH objects to this Request to the extent it misrepresents the testimony of Theresa Zinck-Lederer during her deposition on July 28, 2022.  Ms. Zinck-Lederer testified repeatedly that she was not aware or certain of where or how extensions are tracked.  *See* Zinck-Lederer Tr. 7/28/22 at 440:2-442:3 (*e.g.*, "Q: How would [extensions] be tracked and followed? A: I can't answer this specific question. Q: And why not? A: I don't do it personally.").

YNHH further objects to this Request as untimely, an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180), and to the extent it runs afoul of the "law of the case" doctrine.  The EEOC has long been aware YNHH provided LCPP extensions to certain practitioners, since at least March 2021, when YNHH began producing LCPP Committee minutes which included discussion of extensions.  Moreover, the EEOC already requested information regarding this issue in its Phase II Interrogatory No. 20 (seeking a list of all practitioners who maintained credentials at YNHH at or after age 70 without undergoing testing pursuant to the LCPP), which the parties already thoroughly litigated in the Commission's Third Motion to Compel [ECF No. 154].  Critically, the EEOC represented to the Court at oral argument on that motion that it was limiting its request to practitioners who never tested, not those who were granted extensions for some period of time but ultimately underwent testing pursuant to the LCPP ("I just want to clarify for the Court that …the scope of what we are looking for is those who never tested.").

The Court ordered YNHH to answer Interrogatory No. 20 subject to that understanding.  Now, the EEOC seeks to effectively reverse its position that extensions are not relevant or necessary. If the EEOC wanted a list of extensions granted, it should have conferred with YNHH (in fact, the parties did confer at length regarding YNHH's answer to Interrogatory No. 20 pursuant to the Court's Order on the Motion to Compel) and moved for relief before the court-ordered deadline of July 12, 2022.  This request is untimely and in violation of the Court's Order.

YNHH stands on its objections and is withholding responsive documents, to the extent they exist, based on those objections.

**REQUEST FOR PRODUCTION NO. 65:**

Produce agendas, materials submitted, and minutes for Medical Executive Committee ("MEC") meetings wherein that committee considered requiring practitioners in the "Refer and Follow" category to complete testing under the Late Career Practitioner Policy. This request includes, but is not limited to, the June 2018 MEC meeting.

**RESPONSE:**

YNHH objects to this Request as overly broad and disproportionate to the needs of the case to the extent it seeks material from MEC meetings that has no connection to the LCPP or any relevance to the issues in this case, the EEOC's claims, or YNHH's defenses.

YNHH further objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180) because it seeks a subset of documents requested in the EEOC's First Set of Requests for Production of Documents (specifically, RFP No. 3, seeking material concerning the "implementation and application of the [LCPP]"), served in January 2021.  The EEOC has or should have been aware of this issue, since long before June 28, 2022, as it was raised in email correspondence produced six months earlier in January 2022 (*e.g.,* YNHH 129241).  Yet the EEOC failed to confer with YNHH if the Commission believed its production was deficient, and

if necessary move to compel the requested documents before the court-ordered deadline of July

12, 2022.  This request is therefore untimely and in violation of the Court's Order.

YNHH stands on the foregoing objections, and is withholding responsive documents —

to the extent any exist — based on those objections.

**REQUEST FOR PRODUCTION NO. 66:**

Produce all communications of Theresa Zinck-Lederer, Laura Brown, Thomas Balcezak, Leo Cooney, and Peter Herbert discussing or reflecting the reason(s) for the proposal to have the Late Career Practitioner Policy apply to practitioners in the "Refer and Follow" category.

**RESPONSE:**

YNHH objects to this Request because the phrase "all communications of [a list of five

individuals]" is vague and ambiguous, and is unclear as to whether it seeks communications

from each listed individual to *anyone*, to one or more of those listed, and/or with all five

individuals copied.

YNHH further objects to this Request as untimely and an improper attempt to evade the

court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022,

ECF Nos. 175, 180) because it seeks a subset of documents requested in the EEOC's First Set of

Requests for Production of Documents (specifically, RFP No. 3, seeking material concerning the

"implementation and application of the [LCPP]"), served in January 2021.  The EEOC has or

should have been aware of this issue, since long before June 28, 2022, as it was raised in email

correspondence produced six months earlier in January 2022 (*e.g.,* YNHH 129241).  Yet the

EEOC failed to confer with YNHH if the Commission believed its production was deficient, and

if necessary move to compel the requested documents before the court-ordered deadline of July

12, 2022.  This request is therefore untimely and in violation of the Court's Order.

YNHH stands on the foregoing objections, and is withholding responsive documents —

to the extent any exist — based on those objections.

**REQUEST FOR PRODUCTION NO. 67:**

Produce the agenda, materials submitted, and minutes for each of the following MEC meetings in connection with the MEC's approval of the Late Career Practitioner Policy:

a.      June 2015 MEC meeting;

b.      July 2015 MEC meeting;

c.      August 2015 MEC meeting;

d.      September 2015 MEC meeting.

**RESPONSE:**

YNHH objects to this Request because the term "MEC" is vague and ambiguous.  YNHH further objects to this Request as overly broad and disproportionate to the needs of the case to the extent it seeks material from meetings that has no connection to the LCPP or any relevance to the issues in this case, the EEOC's claims, or YNHH's defenses.  YNHH further objects to this Request because it seeks documents already produced and possessed by the EEOC (*see* YNHH 125679-125681).  YNHH further objects to this Request to the extent it is premised on the false assumption there were "MEC meeting[s]" in June, July, August, and September of 2015.

YNHH further objects to this Request as untimely and an improper attempt to evade the court-ordered deadline of July 12, 2022 (*see* Orders entered June 14, 2022, and July 6, 2022, ECF Nos. 175, 180) because the EEOC was aware of when and how the LCPP was adopted by YNHH since the outset of this litigation, years before June 28, 2022, yet this Request seeks a subset of documents requested in the EEOC's First Set of Requests for Production of Documents (specifically, RFP Nos. 2-3, seeking material concerning "the adoption of the [LCPP]" and  the "implementation of the [LCPP]"), served in January 2021.  Indeed, the EEOC confirmed in October 2021 that Medical Executive Committee (formerly known as "Medical Board") minutes were requested by its Request for Production No. 2.  *See* Email from S. Shao dated 10/28/2021 at

4:51 p.m.  As such, the EEOC had until July 12, 2022 to confer with YNHH and file a motion to compel the requested documents if it believed YNHH's previous response and production was deficient, yet failed to do so.

YNHH stands on the foregoing objections, and is withholding responsive documents — to the extent any exist — based on those objections.

DATED:  August 29, 2022                  Respectfully submitted,

                                         YALE NEW HAVEN HOSPITAL, INC.

                                         By:   *Shana Madigan*
                                               _____
                                               Christopher J. DeGroff, admitted *pro hac vice*
                                               cdegroff@seyfarth.com
                                               Shana Madigan, admitted *pro hac vice*
                                               smadigan@seyfarth.com

                                               SEYFARTH SHAW LLP
                                               233 South Wacker Drive
                                               Suite 8000
                                               Chicago, Illinois  60606-6448
                                               Telephone:      (312) 460-5000
                                               Facsimile:      (312) 460-7000

                                               Mary A. Gambardella (ct05386)
                                               mgambardella@wiggin.com
                                               WIGGIN AND DANA LLP
                                               One Century Tower
                                               265 Church Street, 18th Floor
                                               New Haven, Connecticut 06508
                                               Tel:  (203) 498-4328
                                               Fax:  (203) 789-2889

                                               *Attorneys for Defendant*
                                               *Yale New Haven Hospital, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2022, I served a true and correct copy of the foregoing

DEFENDANT'S OBJECTIONS AND RESPONSES TO EEOC'S FIFTH SET OF PHASE II

REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED

INFORMATION to be served upon the following via email:

> Kimberly Cruz
> Caitlin Brown
> Equal Employment Opportunity Commission
> John F. Kennedy Federal Building
> Room 475
> Boston, MA 02203-0506
> kimberly.cruz@eeoc.gov
> caitlin.brown@eeoc.gov

> *Attorneys for Plaintiff*

By: _____
      Shana Madigan